

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2003

# Garvin v. Philadelphia

Precedential or Non-Precedential: Precedential

Docket No. 03-1573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Garvin v. Philadelphia" (2003). *2003 Decisions.* Paper 1.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/1

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 31, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1573

_____

TYSHEIA GARVIN,

*Appellant*

v.

CITY OF PHILADELPHIA;
POLICE OFFICER JOHN DOE

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 02-02214)
District Judge: Honorable Robert F. Kelly

_____

Argued November 7, 2003

BEFORE: MCKEE, SMITH, and GREENBERG,
*Circuit Judges*

(Filed: December 31, 2003)

_____

Alan E. Denenberg (argued)
Abramson & Denenberg
1200 Walnut Street
Sixth Floor
Philadelphia, PA 19107

*Attorneys for Appellant*

Nelson A. Diaz
City Solicitor
Mia Carpiniello (argued)
Assistant City Solicitor
City of Philadelphia
Law Department
1515 Arch Street, 17th Floor
One Parkway
Philadelphia, PA 19102-1595

*Attorneys for Appellee*

---

**OPINION OF THE COURT**

---

GREENBERG, *Circuit Judge*:

## I.  FACTUAL AND PROCEDURAL HISTORY

This matter comes on before this court on Tysheia Garvin's appeal from an order entered by the district court on December 6, 2002, denying her motion to amend her complaint and an order entered on January 3, 2003, denying a motion for reconsideration of that order. This case arose out of an incident on April 24, 2000, when Philadelphia police arrested Garvin after she engaged in two altercations outside of the Criminal Justice Center in Philadelphia. On April 18, 2002, six days prior to the running of the two-year statute of limitations, Garvin filed a complaint against the City and Police Officer John Doe[1] alleging that she was injured when an arresting officer, "Police Officer John Doe, intentionally and maliciously grabbed and jerked the handcuffs [placed around her wrists], throwing [her] to the ground face first with nothing to break her fall." RR at 20-21.[2]

Garvin brought this action under 42 U.S.C. § 1983 ("section 1983") against the City charging that it failed to

---

1. In light of the circumstances that Garvin was unaware of the name of the police officer who allegedly injured her, she sued that officer under the name John Doe.

2. References to RR are to the reproduced record Garvin has provided.

train its police officers properly and engaged in a custom, practice or policy which permits the use of excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Garvin also sued Officer Doe under section 1983 in both his official and individual capacities, seeking compensatory and punitive damages, maintaining that he violated her rights under the Fourth and Fourteenth Amendments. Her complaint with respect to punitive damages states that "[t]he above-described actions of Defendant, Police Officer John Doe, in his individual capacity, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted." RR at 22. In addition, Garvin brought supplemental state law claims against Officer Doe for assault and battery and intentional infliction of emotional distress.

On April 24, 2002, Deputy Philadelphia City Solicitor Lynne Sitarski entered her appearance for the City,[3] and then on May 13, 2002, she filed an answer and affirmative defenses on its behalf. In its answer the City stated that the allegations in the paragraphs of the complaint relating to Officer Doe "pertain to parties other than answering defendant, and therefore require no response." SA at 2.[4] Sitarski did not enter an appearance for Officer Doe or file an answer on his behalf and indeed never has taken either step in this action.

On May 31, 2002, the district court entered a scheduling order requiring the parties to exchange their initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure starting on that date. The scheduling order set October 31, 2002, as the date by which all fact discovery needed to be completed and thus allowed five months for that purpose.

On July 24, 2002, the City served Garvin with its initial disclosures and attached the police department records

---

3. Her entry of appearance form makes no reference to the John Doe defendant.

4. SA refers to the supplemental appendix attached to appellee's brief.

related to the April 24, 2000 incident, including Garvin's arrest report. The "Philadelphia Police Department Arrest Report" for Garvin identifies a female officer as having placed her under arrest and the initial disclosures listed eight officers who were persons "reasonably likely to have some information that bears significantly on the claims and defenses involved in the present action." RR at 34.

Garvin maintains that the female officer identified as the arresting officer in the City's initial disclosures did not actually place her under arrest as she claims to have been injured while being arrested by a male officer. Nevertheless, even though Garvin regarded the arrest report as inaccurate on this critical point, she did not attempt to depose within the time for discovery fixed by the court any of the eight officers the City listed in its initial disclosures to determine the identity of the officer who arrested her.

On October 29, 2002, two days before fact discovery was scheduled to end under the district court's May 31, 2002 order, and more than three months after the City supplied her with what she asserts is an incorrect identification of the arresting officer, Garvin brought a motion to amend her complaint to substitute the names of four police officers for the John Doe defendant and for an enlargement of time to conduct depositions of the newly named defendants. In her motion to amend, Garvin stated that "[n]othing in defendants' Initial Disclosures or in the attached documents identified the police officer responsible for actually arresting/using force against the Plaintiff." RR at 3. Garvin further maintained that she had made a good faith effort to determine the actual name of the John Doe defendant. Garvin conceded that the statute of limitations as to the four officers had run on April 24, 2002, but sought to have her amendment relate back to the date of the filing of her initial complaint on April 18, 2002, so that the complaint would have been timely as to the four officers.

On December 6, 2002, the district court denied Garvin's motion to amend as it held that the amended complaint would not meet the conditions required for relation back under Federal Rule of Civil Procedure 15(c). Thus, the proposed amendment would have been futile as the action

against the officers would have been barred by the statute of limitations. Garvin then filed a motion for reconsideration and a request that the district court certify the question for an interlocutory appeal under 28 U.S.C. § 1292(b). The district court denied Garvin's motion and request on January 3, 2003, and on February 24, 2003, granted summary judgment to the City of Philadelphia on the merits with respect to Garvin's claims against it under section 1983. Garvin timely appealed, challenging only the district court's denial of her motions to amend her complaint and for reconsideration of that denial. Br. of Appellant at 3.

## II. JURISDICTION

The district court had jurisdiction over Garvin's claims brought under section 1983 pursuant to 28 U.S.C. §§ 1331 and 1343 and it had jurisdiction over her state law claims under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291 inasmuch as the district court's order granting summary judgment to the City terminated the proceedings in the district court. Therefore, we may review the denial of Garvin's motion to amend at this time.[5]

---

5. As we have indicated, the office of the Philadelphia City Solicitor did not enter an appearance for Officer Doe in the district court. Thus, the City Solicitor has filed a brief only on behalf of the City which arguably is not directly interested in the outcome of this appeal as it obtained summary judgment on the merits from which Garvin has not appealed. Nevertheless, Garvin has not moved to strike the City's brief or in any other way sought to limit its participation in this appeal. When we raised a question at oral argument as to the City's standing in this appeal its attorney pointed out that the City had an interest in its outcome because the City supplies an attorney in some circumstances to an officer sued by reason of actions he or she has taken in the performance of his or her duties and because the City might be obliged to indemnify an officer held liable in such a case. *See infra* note 12.

Of course, even if we did not allow the City Solicitor to participate in the appeal on behalf of the City itself we still would be obliged to adjudicate the appeal on the merits as the absence of an active appellee would not require or justify an automatic reversal. In that event we likely would consider the City's brief and argument by designating the City as an amicus curiae. In the light of these considerations we will recognize the City's participation on the merits without further discussion.

### III.   DISCUSSION

#### A.   STANDARD OF REVIEW

We review the district court's decision denying Garvin's motion to amend her complaint for abuse of discretion. *Singletary v. Pennsylvania Dep't of Corrs.*, 266 F.3d 186, 193 (3d Cir. 2001) (citing *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996)). If we were reviewing factual conclusions made by the district court, we would review for clear error. *Id.* (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir. 1977)). Here, however, the factual circumstances we consider are essentially not in dispute so that our review is of the district court's interpretation of Federal Rule of Civil Procedure 15 and thus is plenary. *Id.* (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1177 (3d Cir. 1994)).

#### B.   THE MOTION TO AMEND

Claims such as Garvin's brought under section 1983 are subject to state statutes of limitations governing personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82 (1989); *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The Pennsylvania statute of limitations for personal injury actions applicable here is two years. 42 Pa. Cons. Stat. Ann. § 5524(7) (West Supp. 2003). Garvin's state law claims for assault and battery and intentional infliction of emotional distress also are governed by a two-year statute of limitations. *Id.* § 5524(1), (7). The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant. *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986).

In her motion to amend her complaint Garvin conceded that the two-year statute of limitations had run on April 24, 2002, as to her claims against the police officer who allegedly injured her. However, as we have indicated, she sought to substitute for John Doe four specifically named Philadelphia police officers who allegedly were involved in the April 24, 2000 incident and have that substitution relate back to the filing of her initial complaint on April 18, 2002.

Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied. *Varlack*, 550 F.2d at 174. Rule 15(c) states, in pertinent part:

> (c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . .
>
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>>
>> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure. If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time. *Singletary*, 266 F.3d at 189. The relation back provision of Rule 15(c) aims to ameliorate the harsh result of the strict application of the statute of limitations.[6] *See id.* at 193; *Colbert v. City of Philadelphia*,

(Text continued on page 9)

---

6. We recognized in *Singletary*, that:

> a person who was subjected to excessive force by police officers might not have seen the officers' name tags, and hence would likely

> need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint. If this person were prevented from having his complaint relate back when he sought to replace a 'John Doe' or 'Unknown Police Officers' in his complaint with the real names of his assailants, then he would have to file his complaint substantially before the running of the statute of limitations on his claim in order to avoid having his claim end up being barred. This would render the § 1983 statute of limitations much shorter for this person than it would be for another complainant who knows his assailants' names.

*Id.* at 190. We, however, must balance these concerns with the requirement that in order to permit relation back under Rule 15(c) the party to be added "will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c)(3)(A). "[T]he 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995) (citation and internal quotation marks omitted). Garvin maintains that inasmuch as the City's attorney knew who was responsible for allegedly using excessive force at the time she served the City's initial disclosures, "any prejudice to that person that may have resulted by being added to the lawsuit was created by the City's attorney and her failure to provide the requested information." Br. of Appellant at 25. Garvin also states that any potential prejudice created by the timing of her motion to amend could have been cured by a short extension of the discovery period. *Id.* at 25 n.10.

In its May 31, 2002 scheduling order the district court provided five months for discovery. Garvin had the burden during the opening portion of that period to discover the names of the individual officers so that she could add the arresting officer as a defendant within the time provided for the service of a summons and complaint by Federal Rule of Civil Procedure 4(m) or at least assure that he had notice of the institution of the action. Garvin, who obviously was in a difficult position by reason of having waited until six days before the running of the statute of limitations before bringing this action, could have attempted to expedite the matter by filing a motion to compel the City to provide its initial disclosures earlier than July 24, 2002, the date it served its disclosures, but she did not do so. In making this observation with respect to Garvin's difficult position we have not overlooked our recognition in *Singletary* of the arguable inequity in shortening the statute of limitations for a plaintiff who does not know her assailant's name. Notwithstanding that concern the inescapable fact is that a plaintiff who

931 F. Supp. 389, 392 (E.D. Pa. 1996); *see also* 6A Charles Alan Wright et al., Federal Practice & Procedure § 1497, at 85 (2d ed. 1990). Of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time.

Inasmuch as the district court found that Garvin failed to satisfy the Rule 15(c) requirements for relation back, any amendment of her complaint would have been futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations. *Riley v. Taylor*, 62 F.3d 86, 92 (3d Cir. 1995) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). Thus, if, as we shall conclude, the district court correctly held that the complaint would not

---

does not know her assailant's name but promptly brings her action may be able to ascertain the identity of that person and sue him within two years of the incident involved and thus avoid the potential difficulties that a plaintiff who seeks to have her action relate back may encounter. Thus, to an extent Garvin's problems are self inflicted as they are attributable to her delay in bringing this case.

We also point out that Garvin should have recognized that something was amiss when she received police reports attached to the disclosures which indicated that she was arrested by a female officer rather than the male officer who she claims injured her. At that point she could have noticed depositions of the individual officers, but, instead, she waited until two days prior to the end of the discovery period to seek an amendment of her complaint and to obtain additional time for discovery. At that time it was already too late to give timely notice to the officers as the 120-day period provided in Rule 4(m) had expired. In the circumstances her lack of diligence surely weighs against her, particularly because she was suing the officers in their individual capacities and thus sought compensatory and punitive damages against them personally. *See Colbert v. City of Philadelphia*, 931 F. Supp. 389, 392-93 (E.D. Pa. 1996) (denying plaintiff's motion to amend his complaint to substitute the names of the individual police officers and relate back the filing of the original complaint under Rule 15(c) and stating that "[t]he need for the protection of a statute of limitations is particularly compelling since the defendant officers are threatened with money judgments against them in their individual capacities").

relate back it surely did not abuse its discretion in denying the motion to amend.[7]

In order to change "the party or the naming of the party against whom . . . claim[s] [are] asserted," both Rule 15(c)(2) and (c)(3) must be satisfied. Fed. R. Civ. P. 15(c)(3). Therefore, a plaintiff must show that: (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.[8] *Singletary*, 266 F.3d at 194.

In the district court the City did not dispute that the proposed amendment meets the requirement of Rule 15(c)(2) and the City does not dispute this point on appeal. Br. of Appellee at 9 n.1. In any event, clearly the new claims against the individual officers alleging excessive force "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).

However, the district court found that Garvin failed to satisfy Rule 15(c)(3)(A), because within the 120-day period

---

7. We recognize that an amendment to allow the naming of a party with a statute of limitations defense would not be futile if the defendant did not intend to assert the defense but in this case we have no reason to believe that any of the four officers would have been so accommodating to Garvin if she had been able to join them as defendants.

8. Inasmuch as the district court held that Garvin could not satisfy the second condition of Rule 15(c)(3) it did not address the third condition, except to note that:

> since there is no evidence that the four newly named defendants had any notice of the suit, it would be impossible to find that they knew or should have known that, but for a mistake made by the plaintiff concerning the newly named parties' identities, the action would have been brought against them.

Brief of Appellant, app. at 20 n.2.

after the filing of the original complaint, that is by August 16, 2002, the parties to be newly named had not received actual or constructive notice of the institution of the action. Fed. R. Civ. P. 4(m). The district court noted that "there is no evidence that the four newly named defendants had any notice of the suit."[9] AP at 20 n.2.[10] It therefore focused its analysis on whether those parties had constructive notice of the filing of the action. *Id.*

In *Singletary* we recognized that there are two possible methods by which the district courts could impute notice under Rule 15(c)(3). The first is the "shared attorney" method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. The second is the "identity of interest" method, and is related to the shared attorney method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)). We will address both in turn.

### 1. *Shared Attorney*

In *Singletary*, 266 F.3d at 196, we expressly endorsed the shared attorney method of imputing notice. That case involved a section 1983 action brought by the mother of a prisoner who committed suicide while in a state correctional institution. The original complaint named as defendants the Pennsylvania Department of Corrections, the State Correctional Institute at Rockview ("SCI-Rockview"), the former Superintendent of SCI-Rockview, and "Unknown Corrections Officers." After the relevant statute of limitations had run and the 120-day period provided in Rule 4(m) had expired, the plaintiff sought to

---

9. Garvin does not contend that she produced evidence that any of the four officers had actual notice of the action by August 16, 2002.

10. AP refers to the appendix attached to Garvin's brief.

amend her complaint to name a staff psychologist at SCI-Rockview as a defendant. The district court denied the motion to amend and we affirmed. *Id.* at 189.

In analyzing the shared attorney method of imputing notice, we stated that "[t]he relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant 120 day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit." *Id.* at 196. In considering this point we noted that the case originally had been filed in the Eastern District of Pennsylvania, but was transferred to the Middle District of Pennsylvania. Deputy State Attorney General Gregory R. Neuhauser entered his appearance as "counsel for Defendants," after the case was transferred and more than 120 days after the case was filed. Inasmuch as Neuhauser's representation did not begin until after the 120-day period following the filing of the complaint had ended, any later shared representation was irrelevant in the relation back analysis. We stated "even if we were to conclude that Neuhauser in some sense represented and thereby gave notice to [the proposed defendant] before [he] was sought to be named as a defendant, this does not help plaintiff because Neuhauser's representation of the defendants commenced after the 120 day period." *Id.* at 197.

The district court here, which was well aware of *Singletary* and was following it, rejected Garvin's contention that notice could be imputed to the four individual officers via the shared attorney method. It found that "the four newly named defendants were not and are not currently represented by the City's attorney." AP at 20. The district court noted that the applicable test "is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." *Id.* Because the district court found that there was no evidence of shared representation between the City and the officers sought to be named in the amended complaint, it declined to impute notice under the shared attorney method.

The circumstances of the case support the district court's conclusions. After the City received notice of Garvin's suit, Deputy City Solicitor Sitarski entered her appearance solely on behalf of the City of Philadelphia. Furthermore, she did not represent any of the police officers within the 120-day period after the filing of the complaint and for that matter has not represented them at any time since then. *See* Fed. R. Civ. P. 4(m).[11] Garvin seeks to circumvent these circumstances by arguing that as a policy matter "to require that the City's attorney actually have entered her appearance for the newly named defendants prior to the amendment of the complaint imposes an insurmountable barrier that would render all John Doe complaints meaningless." Br. of Appellant at 21. Garvin argues that until a plaintiff seeks to amend his or her complaint to add the real names of the officers, there is no need for the John Doe officers to have an attorney because "John Does don't file discovery, answer interrogatories, file motions or go to depositions." *Id.* at 20 n.5. Garvin, however, has mischaracterized the standard the district court set forth as that court did not require the City's attorney to enter her appearance on behalf of the officers for the court to recognize the attorney as a shared attorney. Rather, it only required evidence of shared representation so that notice could be imputed to the four officers within the 120-day period. Clearly, an attorney may represent an individual without appearing for him or her in a pending lawsuit. After all, persons who anticipate being sued sometimes consult attorneys with respect to their circumstances. Garvin, however, failed to provide any evidence of such shared representation during the 120-day period or, indeed, any time thereafter.[12]

---

11. As we explain above the City is representing its own interests in this appeal even though a collateral consequence of it advancing those interests is to benefit the individual police officers. *See supra* note 5.

12. At oral argument we asked the attorney for the City whether during the course of the City Solicitor's representation of the City it was acting as de facto counsel for the four individual officers by objecting to the motion to amend and continuing to oppose the amendment on appeal even though the district court granted summary judgment to the City, which Garvin did not challenge on appeal. It appears, however, that at

In the brief she filed on behalf of the City of Philadelphia in opposition to Garvin's motion to amend before the district court, Deputy City Solicitor Sitarski stated:

> in the present case, undersigned counsel has not informed the proposed defendants that this lawsuit is pending, nor have the proposed defendants been advised that they might be named as defendants. Undersigned counsel is unaware of any other manner through which the proposed defendants would have learned that this lawsuit is pending.

RR at 133 n.2. The district court cited this statement in support of its conclusion that the officers were not represented by the same attorney. While it is true that

---

the time that the district court denied Garvin's motion to amend on December 6, 2002, and when the court denied the motion to reconsider that order on January 3, 2003, the City was still a party to the case as the district court did not grant the City's motion for summary judgment until February 24, 2003. The City had an interest in preventing any delay in the litigation which could have been caused by the addition of new parties and consequent enlargement of time for the new parties to conduct discovery. Furthermore, both in the district court and on appeal the City has had a financial interest in preventing any amendment to name the four officers in order to avoid a potential obligation to the officers for indemnification. *See* 42 Pa. Cons. Stat. Ann. § 8548(a) (West 1998) (providing for indemnification of employees of local agencies who "in good faith reasonably believe[ ] that such act was, within the scope of [their] office[s] or duties."). As we explained above, we regard this potential obligation to indemnify the officers as one reason to permit the City to participate in this appeal. *See supra* note 5. In the circumstances, it is apparent that, without regard for any possible relationship with the officers, the City Solicitor had good reason to oppose the amendment to name the officers as defendants and thus we will not treat the City Solicitor as a de facto counsel for the officers.

In making these observations with respect to the City Solicitor's office not representing the four officers we are not suggesting that if it did represent them at a later date our result would have been different. In this regard we point out that Garvin did not make her motion to amend until after the 120 day period provided in Rules 15(c)(3) and 4(m) had expired. Thus, under *Singletary*, any representation after the 120-day period provided in Rule 4(m) would have come too late to help Garvin in a shared attorney analysis.

Deputy City Solicitor Sitarski did not put this statement in the form of an affidavit Garvin has not challenged its accuracy.

Nevertheless Garvin contends that the district court and the City have misconstrued the shared attorney method of imputing notice by requiring that the officers have received actual notice of the lawsuit from Deputy City Solicitor Sitarski rather than constructive notice. In support of this argument, Garvin cites to *Heinly v. Queen*, 146 F.R.D. 102 (E.D. Pa. 1993). In *Heinly*, after the district court permitted the plaintiff to amend his complaint to add additional defendants, the newly added defendants moved for summary judgment contending that the amendment did not relate back to the filing of the initial complaint and thus the statute of limitations barred the action as to them. *Id.* at 103. In denying the motion the district court held that:

> knowledge may be imputed to a government official when the original complaint names other government officers as defendants, the official to be added as a defendant is represented by the same government counsel as the original defendants, and counsel knew or should have known within the relevant time period that joinder of the additional official was a distinct possibility.

*Id.* at 106. The *Heinly* court only required that the shared attorney have actual notice of the possibility that others would be named in order to impute notice to the later-named defendants.

*Heinly* cannot help Garvin. In the first place in this case Deputy City Solicitor Sitarski has not represented the four officers and thus they have not shared an attorney with the City. In *Heinly* the same Deputy Attorney General who represented the original defendants was representing the newly added defendants. Moreover, *Heinly*'s holding directly conflicts with our analysis in *Singletary* and is not good law. In *Singletary* we explained that, "the fundamental issue here is whether the attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, *within the 120 day period, had some*

*communication or relationship with, and thus gave notice of the action to the newly named defendant.*" 266 F.3d at 196-97 (emphasis added). This condition for the relation back of an amended complaint is entirely appropriate as the plaintiff is seeking damages from the putative defendant and not the shared attorney. Accordingly, a plaintiff must show that there was "some communication or relationship" between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice. *Id.* Here, Garvin has failed to come forth with any evidence of shared representation or communication between Deputy City Solicitor Sitarski and the four officers.

We also point out an obvious practical flaw in *Heinly*. The critical fact supporting the court's holding there was that the same Deputy Attorney General was representing both the original and newly named defendants. A defendant named after the statute of limitations had run presumably could avoid *Heinly*'s ruling and preserve his or her statute of limitations defense by either engaging an attorney unrelated to an attorney already in the case or by proceeding pro se. In that event it hardly would be possible to conclude, in the words of *Heinly*, that "the official to be added as a defendant is represented by the same government counsel as the original defendants." *Heinly*, 146 F.R.D. at 106. Of course, here the newly named defendants never have been represented in this case by an attorney or even appeared pro se so that even if we agreed with *Heinly*, which we do not, their statute of limitations defense would have been preserved.

Garvin contends that the imputation standard that we set forth invites defendants such as the City to engage in strategic behavior in order to prevent their attorneys from giving notice to individual police officers involved in alleged incidents of excessive force within the 120-day period after the filing of a John Doe complaint so as to preclude an amended complaint from relating back. She further contends that "the reality in police misconduct cases is that the city or municipality almost always represents the named police officers/defendants." Br. of Appellant at 21.

Therefore, according to Garvin, we should assume that Deputy City Solicitor Sitarski would represent the four individual officers and further assume that she had some communication with those officers during the relevant 120-day period so as to impute notice to them even in the face of her statement that she did not advise them of this action.

We recognize that, under Pennsylvania law, a public employee has a right to the type of representation Garvin claims the City would have provided and in all likelihood if the district court had permitted amendment in this case the City Solicitor's Office would have represented the four police officers if such shared representation did not present a conflict of interest.[13] 42 Pa. Cons. Stat. Ann. § 8547(a) (West 1998). However, this circumstance does not change the fact that Garvin has not come forth with evidence[14] that gives rise to the inference that Deputy City Solicitor Sitarski or anyone else in the City Solicitor's office had any communication or relationship whatsoever with the four officers within the 120-day period so as to justify imputing notice to the officers. *See Singletary*, 266 F.3d at 196-97. Moreover, while we do not doubt that Deputy City Solicitor Sitarski skillfully has conducted the defense of this case and, in the light of *Heinly*, acted prudently in not appearing for either officer Doe or any of the newly named defendants, we cannot by reason of these circumstances somehow

---

13. Garvin argues that if the officers were represented by any attorney in the City Solicitor's office we should impute notice under the shared attorney method. Br. of Appellant at 21. The City counters that in *Singletary* we did not view the two different attorneys who represented the defendants, who, according to the City, *see* Br. of Appellee at 15, both worked in the State Attorney General's office, as interchangeable in our shared attorney analysis. *See Singletary*, 266 F.3d at 197. We need not address this issue inasmuch as, even assuming that we could impute notice of any attorney in the City Solicitor's office, Garvin has not come forth with evidence that the four officers communicated with or were represented by anyone in that office during the relevant period. *See Singletary*, 266 F.3d at 196-97.

14. Garvin had the opportunity to take discovery on the communications between the City Solicitor's office and the four officers she sought to substitute for the John Doe named in the original complaint but did not do so.

conclude that the statute of limitations does not bar this action as to the four newly named defendants. *See Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 452 (E.D. Pa. 2002). Instead, we decline Garvin's invitation to pile assumption on top of assumption to reach a conclusion, counter to the facts, that the officers had some type of notice of this action within 120 days of its institution. We therefore hold that the district court was correct when it declined to impute notice to the four officers under the shared attorney method.

### 2. *Identity of Interest*

We also will impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. But in *Singletary*, 266 F.3d at 200, we held that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes."

The individual police officers sought to be added to this action certainly qualify as non-managerial employees. Inasmuch as they do not share a sufficient nexus of interests with their employer, the City, the district court correctly held that it could not impute notice for purposes of Rule 15(c)(3)(A) under the identity of interest method. The individual police officers here have positions in the employment structure similar to that of the staff psychologist the plaintiff sought to add as a defendant in *Singletary* as they are "not highly enough placed in the [city] hierarchy for us to conclude that [their] interests as . . . employee[s] are identical to the [city's] interests." *Id.* at 199.

Garvin argues that we should adopt the reasoning of the Court of Appeals for the Fifth Circuit in *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), and impute notice under the identity of interest method to the individual police officers. This argument is simply a rehashing of

Garvin's shared attorney contention which we already have rejected. In *Jacobsen*, the court held that there was a sufficient identity of interest between the City, the individually named officer and the newly-named officers to infer notice, in large part because the City's attorney "would necessarily have represented the newly-named officers." *Id.* at 320. In *Singletary*, however, we specifically distanced our court from this aspect of *Jacobsen*, 133 F.3d at 320, and separated the analysis of the identity of interest method of imputing notice from our shared attorney discussion. *Singletary*, 266 F.3d at 199. We stated in *Singletary* that "[i]n *Jacobsen*, the key fact for the court was that the same City Attorney would likely have interviewed the newly named defendants soon after the lawsuit was filed, thus giving these defendants sufficient notice of the lawsuit within the relevant 120 day period." *Id.* Here, however, parallel with the situation in *Singletary*, "[b]ecause there is no evidence or any reason to believe that the . . . attorney for the defendant[] represented or even contacted [the four officers], the basis for finding sufficient notice that existed in *Jacobsen* is not present . . . ." *Id.* Accordingly, the district court correctly declined to impute notice under the identity of interest method.[15]

## IV.   CONCLUSION

We agree with the City that there is no reason why Garvin could not have discovered the name of the arresting officer within the time period required under Rule 15(c)(3) and Rule 4(m). Garvin did not diligently seek to determine the identity of the officer after she received the initial disclosures from the City.[16] She then waited until two days before the period for fact discovery was scheduled to end before she moved to amend her complaint to include the names of four officers listed in the July 24, 2002 initial disclosures.[17] In the light of these circumstances and the

---

15. In view of our result we need not consider the significance, if any, of the circumstance that even though Garvin sued only one John Doe defendant she is seeking to name four officers as defendants.

16. On July 17, 2002, one week before Garvin received the City's initial disclosures, she served interrogatories on the City. Br. of Appellant at 5.

17. We are not suggesting that our ruling would have been different if Garvin diligently had sought to obtain the name of the arresting officer

other considerations we have stated herein we conclude that the district court did not abuse its discretion in denying Garvin's motion to amend.[18] In this regard we find that the district court correctly held that it could not impute notice under the shared attorney and identity of interest methods to the four police officers. Thus, we will affirm the orders of December 6, 2002, and January 3, 2003.[19]

A True Copy:
     Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*

---

so that she could have joined him as a defendant or at least given him notice of the claim against him within 120 days after she filed this complaint but had not been successful in this endeavor as that situation does not exist here. But the fact is that it is manifest that Garvin was not diligent in the prosecution of the case in the district court. *See supra* note 6.

18. Inasmuch as we hold that the district court was correct when it declined to impute notice under the shared attorney or identity of interest methods, we need not reach the question of whether Garvin has satisfied the requirement of Rule 15(c)(3)(B), that is, whether the four police officers sought to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

19. Garvin's notice of appeal also recited that she is appealing from the order granting summary judgment to the City but we are not affirming that order as she is not challenging it in this appeal.