

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# Houser v. Carpenter Tech Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Houser v. Carpenter Tech Corp" (2007). *2007 Decisions.* Paper 1619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4575
_____

DENNIS HOUSER,
                              Appellant
v.

CARPENTER TECHNOLOGY CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-00237)
District Judge: Honorable Jacob P. Hart
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 8, 2007

Before: SLOVITER and RENDELL , Circuit Judges,
and IRENAS*, District Judge.

(Filed: February 15, 2007)
_____

OPINION OF THE COURT
_____

_____

    *  Honorable Joseph E. Irenas, Senior Judge of the United States District Court for
    the District of New Jersey, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Dennis Houser appeals from the District Court's grant of summary judgment in favor of Carpenter Technology Corporation ("Carpenter") and against him on his claim that he was terminated from his employment with Carpenter in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 612 *et seq*. and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*.  We will affirm.

Houser had been an employee of Carpenter since 1987, progressing from being a training specialist within the Human Resources (HR) Department to, finally, serving as a project manager within the Information Technology (IT) Department.  In September 2002, his position was eliminated as part of a reduction in Carpenter's workforce. Houser's supervisor testified at his deposition that Carpenter was changing the nature of the work its IT department would do, involving less project management, which was the area of Houser's experience and expertise.  Houser was eliminated because he did not possess the proficiency and technical skills necessary for the company's new IT focus. Houser contends that summary judgment was improperly granted, because there were unresolved issues of fact, and Carpenter's proffered reasons were pretextual.  Houser also contends that the trial judge erred in refusing to permit him to amend his complaint to pursue a disparate impact claim, and also in failing to apply a "mixed motive" standard in ruling on the motion for summary judgment.[1]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We apply a plenary standard of review to

As we write primarily for the parties, we need not recount all of the facts, but only those necessary to our decision. At the time that he was terminated, Houser was 53 years of age. He described his role as project manager as being "responsible for the cost scheduled performance of moving forward with a strategic objective that's been decided [upon] by the business people, senior level business people in the company." Houser Dep. 47:16-19, Feb. 23, 2005; Appx. 28. Although originally contending to the contrary, Houser eventually conceded that there was a reduction in force at the time he was terminated. Approximately 130 employees were terminated by the company.

Houser commenced his action in state court in November 2003 after receiving his Right To Sue letter from the EEOC. Carpenter then removed the case to the District Court for the Eastern District of Pennsylvania in early 2004, and the parties consented to jurisdiction by a Magistrate Judge. Thereafter, Houser moved to amend his complaint to add a disparate impact theory, a motion which was denied by the Magistrate Judge. After significant discovery took place, Carpenter moved for summary judgment, which was granted by the District Court in a thoughtful opinion.

Having reviewed the file on appeal and the District Court's orders and opinion, we find no reason to disturb the Court's rulings. Specifically, with respect to the request to amend the complaint to add a disparate impact theory as permitted by *Smith v. Jackson*,

determinations of law by the District Court and an abuse of discretion standard with respect to the denial by the District Court of Houser's request to amend his complaint. *Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003).

3

544 U.S. 228 (2005), we agree with the District Court that such amendment would be futile in light of the fact that Houser has not pointed to any specific test, requirement, policy, or practice by Carpenter that had a disparate impact upon older employees. Thus, we conclude that the District Court did not abuse its discretion in denying Houser's motion to amend.

Second, with respect to Houser's claim that the District Court should have employed a "mixed motive" standard in ruling on the motion for summary judgment, we cannot agree. Under a "mixed motive" analysis, a plaintiff can succeed if the improper reason was a "motivating factor," not necessarily the determinative factor. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003). While the "mixed motive" standard is normally used in instructing juries, Houser points to two decisions from other courts of appeals that, he contends, "show an inclination to incorporate a Desert Palace rationale in their traditional summary judgment analysis."[2] However, we find this characterization to be somewhat imprecise and, in any event, not controlling. The parties have cited numerous cases that might bear on this issue, but we need not discuss them because the lack of evidence renders the resolution of this issue unnecessary. Even if a "mixed motive" analysis were appropriate at the summary judgment stage, which our court has not addressed, Houser cannot succeed under a "mixed motives" approach, because Houser points to no evidence that would lead us to conclude that age played any role in

---

[2] *See Machinchick v. PB Power, Inc.*, 398 F.3d 345 (5th Cir. 2005); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004).

4

his termination. Instead, Houser focuses on attacking the criteria and decisionmaking by Carpenter, specifically its view that Houser did not have the requisite technical skills and flexible skill set for the company's future technology needs. Accordingly, Houser's failure to demonstrate that age was one of Carpenter's motives for his termination dooms this argument.

We find the District Court's opinion granting summary judgment to be well-reasoned. After considering the summary judgment standard and the law governing the application of the ADEA and *McDonnell Douglas* legal methodologies, the District Court acknowledged that Houser has shown a *prima facie* case of age discrimination. The District Court then reviewed significant deposition testimony of supervisory personnel at Carpenter explaining the way in which the reduction in force was conducted with a view toward assessing the skills of various personnel as compared to the skills that would be necessary for the contracted work that Carpenter would be performing. This work was of a technical nature and the company wanted to retain those who could "provide the most flexibility in what we viewed was the work of the future." Bommentree Dep. 31:14-15, Mar. 4, 2005; Appx. 88.

Specifically, with respect to Houser, the testimony consistently indicated that he was not as "technically capable" or "versatile" as others. The District Court determined that Houser had not discredited Carpenter's proffered reasons, but had only questioned the methodology employed by those in positions of authority. Moreover, Houser had not produced information as to the nature or the relative superiority of his own technical background, nor had he cast doubt on the technical abilities of those who were retained. In addition, Houser had not shown that, as a whole, the reduction in force focused on older employees more than younger employees, and he conceded in his deposition that he knew of no instance of age discrimination directed toward him other than his discharge. The District Court concluded that

> although Houser put forth a prima facie case of age discrimination, he has not come forward with evidence sufficient to create a genuine issue of fact as to whether Carpenter's asserted reason for his discharge was pretextual.

Appx. 14.

We agree. For the reasons set forth above, we will AFFIRM the District Court's grant of summary judgment in favor of Carpenter.

6