

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Rodriguez v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rodriguez v. Comm of PA" (2007). *2007 Decisions*. Paper 51.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/51

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-77                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4295

_____

RAMON LUIS RODRIGUEZ,

<u>Appellant</u>

v.

COMMONWEALTH OF PENNSYLVANIA, Philadelphia; CITY OF PHILADELPHIA;
KELLY RINDONE and PARENT; TABITHA K. CASTLE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-03109)
District Judge: Honorable John P. Fullam

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 13, 2007

Before:   SLOVITER, FISHER AND HARDIMAN, <u>CIRCUIT JUDGES</u>

(Opinion Filed:  December 17, 2007)

_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of Ramon Rodriguez's

complaint under 28 U.S.C. § 1915(e). For the following reasons, we will summarily affirm. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

In August, 2007 Ramon Luis Rodriguez filed a document in the District Court which suggested that he was asserting violations of his constitutional rights by Philadelphia police officers. The District Court granted Rodriguez the opportunity to file an amended complaint. In response, Rodriguez filed a rambling document entitled "Amend of Complaint", in which he seems to allege violations of his constitutional rights between May 2003 and February 2004 arising from his state arrest, prosecution and conviction. Rodriguez also seems to take issue with a civil proceeding that occurred in the Philadelphia Court of Common Pleas in 2005. The District Court dismissed the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

We agree with the District Court that Rodriguez has failed to state a valid claim. Even under the most liberal construction of his pleadings, Rodriguez's civil rights claims relating to his arrest and conviction would be barred by the statute of limitations. See 42 PA. CONST. STAT. ANN. § 5524(1). (establishing a two-year statute of limitations for "any action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process."); see also Garvin v. City of Philadelphia, 354 F.3d 215, 219 (3d Cir. 2003) (section 1983 actions are governed by the statute of limitations of the state in which the cause of action accrued). Further, we agree with the District Court that

2

Rodriguez has made no cognizable claim relating to his 2005 civil lawsuit.

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. <u>See</u> 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.