

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Kehres v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kehres v. Comm of PA" (2008). 2008 Decisions. Paper 1692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2247
_____

DEBRA KEHRES, RPH,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS;
STATE BOARD OF PHARMACY; BASIL L. MERENDA,
Present Commissioner, Bureau of Professional and
Occupational Affairs; SCOTT J. MESSING,
Deputy Commissioner, Bureau of Professional and
Occupational Affairs; DAVID A. WILLIAMS,
Acting Commissioner, Bureau of Professional
and Occupational Affairs; JOAN MILLER, Esq, Pros. Attorney;
CAROLE CLARKE, Counsel, State Board of Pharmacy;
MICHAEL A. PODGURSKI, R. PH., Chairman; RICHARD R. SMIGA,
R. PH., Chairman; FRANK A. RUBINO, R. PH., Secretary;
FRANK J. RAMANO, R. PH., Vice-Chairman;
MELANIE A. ZIMMERMAN, R. PH., Executive Secretary

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-05930)
District Judge: Hon. Mary A. McLaughlin

_____

Submitted under to Third Circuit LAR 34.1(a)
October 12, 2007

Before: BARRY, CHAGARES and ROTH, <u>Circuit Judges</u>

_____

O P I N I O N

_____

PER CURIAM

Debra Kehres appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing her complaint. We will affirm.

Kehres filed her federal lawsuit against the Commonwealth of Pennsylvania, the Bureau of Professional and Occupational Affairs, the State Board of Pharmacy, and various current and former officials of those entities. Her claim stems from decisions of the Board of Pharmacy ("Board"). According to the complaint, the Board placed Kehres, a former pharmacist, on pharmacy probation pursuant to a June 1999 consent agreement. The agreement indicated that the probation term was to run for three years, concurrent with her parole term that ended on January 15, 2002.[1] However, in 2001, Kehres sought to work as a pharmacist while on parole, so the terms of the consent decree were renegotiated. In August 2001, the Board extended the three-year probation term to a four-year term, thus keeping Kehres on probation beyond her January 15, 2002 parole date. She alleged that in July 2002, the Board refused to reinstate her license to unrestricted status, apparently under the mistaken idea that she was obliged to comply with a nonexistent restitution order as a condition of her parole. In 2003, Kehres began pursuing petitions with the state agencies and

_____

[1] Apparently, Kehres was convicted of a crime that affected her pharmacist's license.

2

courts.  As a result of a 2004 mandamus petition filed in Commonwealth Court of Pennsylvania, the Board reinstated Kehres's license in July 2004; thus in later related proceedings, the Commonwealth Court determined that she no longer had standing in her action because she was no longer aggrieved.

Kehres filed her civil rights complaint in District Court in November 2005, alleging that the defendants intentionally prolonged her probation period in violation of her due process rights under the Fifth and Fourteenth Amendments of the federal constitution. Kehres also alleged state law claims for deprivation of professional reputation and violations of the Pennsylvania constitution and administrative laws.  As relief, she sought damages. The defendants filed a motion to dismiss and raised a number of defenses, including that the complaint was filed beyond the applicable statute of limitations.[2]  The District Court granted the motion to dismiss on the statute of limitations basis and declined to exercise supplemental jurisdiction over the state law claims.  Kehres filed a timely motion for reconsideration.  The District Court denied the motion.  Kehres filed two additional motions seeking reconsideration of the District Court's order, and the District Court denied both motions. This appeal followed.

We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review

---

[2] The defendants also argued, among other things, that the Eleventh Amendment bars suit against the Commonwealth, that several defendants are not "persons" subject to suit under 42 U.S.C. § 1983, and that the complaint lacks allegations of any personal involvement of the individually-named defendants, to the extent that they were sued in their individual capacities.

over the District Court's order granting the motion to dismiss the complaint as barred by the statute of limitations. Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 126 F.3d 178, 181 (3d Cir. 1997).

Upon careful review of the record and the submissions by the parties on appeal, we will affirm for substantially the same reasons given by the District Court. The District Court correctly applied the two-year statute of limitations pertaining to a section 1983 complaint filed in Pennsylvania. See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). Kehres's claims are based on the Board's licensing-related actions against her, the latest of which was in July 2002, when the Board denied reinstatement. Indeed, Kehres acknowledges in her brief that her claims accrued in July 2002. Because she did not submit her complaint to the District Court until November 10, 2005, more than three years later, her claims are barred by the statute of limitations.

Kehres contends that the statute of limitations was tolled while she pursued state court proceedings on her claims. However, as the District Court determined, the related state court suits do not toll the running of the statute of limitations for the federal lawsuit. See Ammlung v. City of Chester, 494 F.2d 811, 816 (3d Cir. 1974).[3]

_____

[3] We add that Kehres's argument seems to be based on a theory of "coercive" state proceedings on administrative matters, such that she could not immediately bring suit in federal court. See Appellant's Br. at 4 (asserting the "Coercive nature of the Plaintiff's Claims in Pa. Commonwealth Court, which were initiated on June 23, 2004"[sic]). The complaint suggests that Kehres initiated her state court actions to vindicate a wrongful act by the Commonwealth. As such, it seems that Kehres's state court filings would be characterized as "remedial," not as "coercive" proceedings initiated by the Commonwealth to enforce a violation of state law. See O'Neill v. City of Philadelphia, 32 F.3d 785, 791

4

We note that Kehres argued in her motions for reconsideration that the Board's eventual reinstatement of her license in July 2004 was itself a due process violation, for purposes of determining when the statute of limitations period began to run, because the reinstatement erroneously referred to a non-existent restitution order. Kehres also asserted that the statute of limitations did not expire because the defendants engaged in continuing violations beyond its July 2002 denial of reinstatement. To the extent that Kehres raises these arguments on appeal (despite her concession that her claim accrued in July 2002), we see no error in the District Court's rejection of these contentions in denying Kehres's motions for reconsideration. We agree with the District Court's conclusion that the Board's July 2004 order language referring to a void restitution order in reinstating Kehres's license did not constitute a due process claim in itself. We also note that the Board's failure to act following its July 2002 denial of reinstatement does not constitute a continuing violation. See Cowell v. Palmer Township, 263 F.3d 286, 292-93 (3d Cir. 2001).

Kehres also contends that her case is governed by a four-year statute of limitations for actions brought under 42 U.S.C. § 1981 because her case involves interference in contractual relations. This argument is meritless. Section 1981's provision addressing equal rights to make and enforce contracts has no application here, as nowhere does Kehres allege that she

n.13 (3d Cir. 1994) (distinguishing between remedial and coercive proceedings in the context of applying abstention principles under Younger v. Harris, 401 U.S. 37 (1971), to pending state administrative proceedings).

suffered discrimination on the basis of her race or alienage.[4]

We have considered Kehres's arguments and find them to be without merit. Kehres's motion for leave to file a supplemental appendix is denied to the extent that it includes material outside of the record on appeal. See Fed. R. App. P. 10(a), 30(a). We will **affirm** the judgment of the District Court.

---

[4] In her reply brief, Kehres presents the new argument that her complaint was filed within the four year statute of limitations governing Pennsylvania breach of contract claims. We need not address this argument for the first time on appeal, as Kehres did not raise this argument to the District Court. See Ross v. Hotel Employees and Restaurant Employees Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001). We note that, to the extent that Kehres's complaint raises a state law breach of contract claim, it does not affect our analysis of the appropriate statute of limitations for a due process claim under section 1983, upon which her federal claim is based. As noted, the District Court declined to exercise jurisdiction over Kehres's state law claims.