

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Campbell v. New Kensington

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Campbell v. New Kensington" (2008). *2008 Decisions.* Paper 887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-3846
_____

CRAIG CAMPBELL,

Appellant

v.

CITY OF NEW KENSINGTON; DONALD E. BOWERS, City Councilman;
MICHAEL J. LANGER, City Councilman; JOHN W. REGOLI, JR.,
City Councilman; DOUGLAS J. AFTANAS, City Councilman;
FRANK E. LINK, Jr., Mayor; RICHARD JACOBUS, Code Enforcement;
CHRISTOPHER E. NICHOLS, Assistant District Attorney;
CHARLES KORMAN, Chief of Police

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00467)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
May 1, 2008
Before: RENDELL, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed : July 7, 2008)
_____

OPINION
_____

PER CURIAM

Craig Campbell appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment for the defendants and dismissing his civil rights complaint as time-barred.

This § 1983 action arises, in part, out of actions taken on December 16, 2001, by the property maintenance code enforcement officer for the City of New Kensington, Richard Jacobus, to remove a partially detached awning from the porch of a vacant house that Campbell had recently bought.[1] Initially, Campbell had presumed that the awning was stolen by vandals and had reported the incident to the police. But in August 2002, Jacobus admitted to Campbell that he had had the awning taken down after receiving complaints from neighbors that it posed a safety hazard. In September 2003, the City submitted an insurance claim to reimburse Campbell for his loss but the insurance company denied payment. On two occasions in 2004, Campbell publicly demanded reimbursement at a City Council meeting, to no avail. In December 2004, he filed a private criminal complaint against Jacobus, charging him with trespass and theft. The matter was assigned to an Assistant District Attorney, Christopher E. Nichols, who disapproved the complaint on December 6, 2004, because it lacked prosecutorial merit.

Campbell then filed a § 1983 complaint on April 8, 2005, which he amended twice. He claimed that Jacobus's trespass and taking of the awning without notice to

---

[1] Campbell and his wife purchased the property in a tax sale on November 20, 2001. Prior to the Campbells' purchase, an out-of-state bank held title to the property.

Campbell or his consent, violated his rights under the Fourth, Fifth, and Fourteenth Amendments. He claimed that the Mayor of New Kensington, the Police Chief, and the Assistant District Attorney conspired to deny him equal protection under the law when they refused to prosecute Jacobus in 2004.

In Counts II and III, Campbell, a landlord for over thirty years, asserted that the City singled him out for selective enforcement of the property maintenance code because he had disagreed with a statement he attributed to Jacobus to the effect that there were "too many blacks" in New Kensington. According to Campbell, Jacobus brought frivolous property maintenance code charges against him, which were dismissed by a District Judge. He claimed that the Commonwealth then violated the Double Jeopardy Clause and his right to a jury trial when it re-filed the charges in the Court of Common Pleas in the matter of Commonwealth v. Campbell, CP-65-SA-60-2005. Campbell also alleged that New Kensington ordinance No. 161-1 (allowing warrantless trespass and entry into buildings) was unconstitutional. He sought damages and an injunction directing that the re-instituted matter of Commonwealth v. Campbell, CP-65-SA-60-2005, be dismissed.

Defendants Bowers, Regoli Jr., Langer, Aftanas, Link Jr., Jacobus, and Korman filed a joint motion for summary judgment, claiming that Campbell's complaint was barred by the statute of limitations and that, in any event, the claims were meritless. The Magistrate Judge found that Campbell knew or should have known that he had a cause of

3

action when he learned, in August 2002, that it was Jacobus who took his awning. Thus, the Magistrate Judge determined that, under the applicable Pennsylvania statute of limitations, Campbell had two years, or until August 2004, to file his § 1983 complaint. The Magistrate Judge found that the § 1983 complaint was time-barred because Campbell filed his complaint in April 2005. The Magistrate Judge also found that no circumstances existed that warranted tolling. Campbell objected. The District Court overruled the objections, adopted the Magistrate Judge's Report, and granted summary judgment in the defendants' favor. The District Court entered judgment for the defendants on August 31, 2007.[2]

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, which (as the Magistrate Judge explained) is appropriately entered only when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We will affirm in part and vacate in part as discussed below.

Civil rights claims are subject to the statute of limitations for personal injury

---

[2] Assistant District Attorney Nichols filed a separate summary judgment motion claiming prosecutorial immunity. The Magistrate Judge agreed, recommending that summary judgment be granted. In a separate order entered on August 31, 2007, the District Court entered judgment in Nichols's favor. It appears that Campbell does not appeal the judgment as to Defendant Nichols, as his notice of appeal refers only to the judgment entered as to the remaining defendants. To the extent that Campbell intended to appeal the judgment as to Nichols, however, we agree with the Magistrate Judge's reasoning and conclusion that Campbell's suit against Nichols is barred by the doctrine of prosecutorial immunity.

4

actions of the pertinent state. Here, Pennsylvania's two-year statute of limitations, 42 Pa. Cons.Stat. Ann. § 5524 applies to Campbell's claims. See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). The limitations period begins when the plaintiff knows or has reason to know of the injury forming the basis for the § 1983 action. See Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). In Count I of the Complaint, Campbell claimed that the City violated his constitutional rights when they took his awning. On appeal, Campbell questions the date on which he became aware that the City took his awning. He now argues that it was on May 12, 2003, not in August 2002. Competent record evidence, however, indicates otherwise. In a letter he attached to the private criminal complaint that he filed against Jacobus, Campbell stated that "[i]n August of 2002 Mr. Jacobus admitted taking the awning." See Defendants' Appendix in support of motion for summary judgment, Depo. of Craig Campbell, at 92 and Exh. 9. According to the record evidence, Campbell learned of his injuries in August 2002, more than two years before he filed this lawsuit. Thus, Count I, filed on April 8, 2005, is time-barred by over seven months.

Next, Campbell contends that the limitations period was equitably tolled until October 2004, because the defendants prevented him from filing a timely complaint. He alleges that he delayed filing suit because the City had promised that the City's insurance carrier would reimburse him. He asserts that he did not know that the City had no intention of paying him until the City failed to respond to his public demand for

5

reimbursement at two City Council meetings held in September and October 2004. Equitable tolling applies only where: (1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Campbell's cause of action arises out of the City's allegedly wrongful removal of his awning. With Jacobus's admission in August 2002, the facts supporting Campbell's cause of action were apparent, or should have been apparent to a reasonably prudent person. By offering to submit an insurance claim to reimburse him for his loss, the City did not mislead Campbell with respect to the facts supporting his cause of action. If anything, the City's action acknowledged the essential fact that someone in the City's employ took the awning. Nor was Campbell prevented from asserting his rights. He could have filed suit at any time while he waited for reimbursement, even before he learned that the insurance claim had been rejected. Thus, we conclude that no tolling is warranted as to Count I.

We have thoroughly reviewed Campbell's remaining arguments as to Count 1 and find them to be meritless.

That leaves Counts II and III. The District Court and the Magistrate Judge treated Counts II and III as arising from the same set of facts as Count I and dismissed them as time-barred. We disagree. Counts II and III arise from a set of facts wholly separate

6

from those supporting Count I. Construed liberally, Count III alleges that the defendants retaliated against Campbell for disagreeing with a racially charged remark allegedly made by Jacobus. Specifically, Campbell claims that the defendants retaliated against him by selective enforcement of the property maintenance code, malicious prosecution, and abuse of process. In a related claim, Count II alleges that one of the City ordinances used to gain access to his property in order to write up code violations against him is unconstitutional. Campbell's retaliation claim accrued when he was injured, or when Jacobus charged him with property code violations in August 2004. See Defendants' Appendix in support of motion for summary judgment, Exh. 9 (District Judge disposition). These charges were dismissed by the District Judge on October 4, 2004. Id. Based on these undisputed facts, Counts II and III accrued in 2004. Campbell filed his Complaint in April 2005, well within the two year limitation period. Thus, these Counts were not time-barred.

Accordingly, we will affirm the District Court's judgment in favor of defendants City of Kensington, Bowers, Langer, Regoli Jr., Aftanas, Link Jr., Jacobus, and Korman as to Count I. We will vacate the District Court's judgment with respect to these defendants as to Counts II and III and remand the matter for further proceedings consistent with this opinion.