Steven R. KRENZEL, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY; John Leary; Patrick Nowakowski, Assistant General Manager, Operations Division, Southeastern Pennsylvania Transportation Authority; John Doe, Present or Former Managing Agent, Employee and/or Legal Division Attorney Southeastern Pennsylvania Transportation Authority.

No. 02–3925.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Jan. 12, 2004.

Decided Jan. 30, 2004.

Frank Finch, III, Philadelphia, PA, for Appellant.

Gino J. Benedetti, Michael A. Morse, Miller, Alfano & Raspanti, Philadelphia, PA, for Appellee.

Before BARRY, SMITH, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from a final judgment entered in the district court on September 18, 2002, in accordance with the verdict of a jury. The case arises in the aftermath of an accident at the Cecil B. Moore Station of the Southeastern Pennsylvania Transportation Authority's ("SEPTA") Broad Street Subway ("Orange Line") on November 27, 1996, in which four-year old Shareif Hall lost his foot when it became ensnared on the steps of an escalator. At that time Steven Krenzel[1] was Assistant Director of Plant Construction and Maintenance for the Orange Line. After the accident he was involved in the investigation and wrote an internal memorandum to SEPTA's Systems and Safety Department describing the accident and stating his opinion as to its cause.

As a consequence of the accident Hall and his mother brought a suit against SEPTA in the Court of Common Pleas of Philadelphia County in which, on December 14, 1999, the jury awarded them in excess of $51 million. Following the presentation of evidence at the trial, the court convened a contempt hearing against SEPTA and its counsel for alleged discovery abuses. Krenzel as well as several other employees of SEPTA testified and produced documents at the hearing at the conclusion of which the court fined SEPTA $1 million for contempt of court.

In January 2000, the Halls settled their lawsuit against SEPTA for $7,400,000 and the court reduced the contempt fine to $100,000. In the aftermath of the settlement, SEPTA General Manager John Leary ("Leary"), an appellee in this case, made a statement which appeared in the *Philadelphia Inquirer* that SEPTA was "serious about change" and might need to discharge certain employees. AP at 174.[2] SEPTA appointed a panel to investigate the circumstances of the Hall accident and SEPTA's handling of the ensuing litigation. The panel then retained attorneys who interviewed Krenzel in the course of the investigation.

1. The submissions and docket in this court and the district court spell Krenzel's first name as Steven whereas the documents in the Court of Common Pleas and the Common-wealth Court spell his name as Stephen. It is unclear which is the correct spelling.

2. AP is the appellant's appendix.

On April 27, 2000, the panel issued its report but did not recommend that SEPTA discipline or discharge any of its employees. After the issuance of the report, Leary asked two members of his staff to meet with the panel's attorneys to learn more about the role of each SEPTA employee identified in the report. Subsequently, in the aftermath of the accident and lawsuit, SEPTA discharged or otherwise disciplined certain of its employees.

On May 30, 2000, SEPTA provided Krenzel with formal written notice of his "imminent discharge" pursuant to SEPTA Policy/Instruction 6.6.2. The notice stated that SEPTA was terminating Krenzel because of gross negligence in the performance of his duties and willful and wanton misconduct demonstrating a disregard for the proper performance of his duties. Specifically, SEPTA indicated that Krenzel had been guilty of "evasive and deflective conduct" throughout the Hall litigation as well as of a "lack of cooperation in the search for relevant records" which jeopardized SEPTA's position in the litigation and caused it to withhold discoverable information. AP at 390.

As provided in SEPTA's procedures, Krenzel appealed the notice of imminent discharge. SEPTA assigned Patrick Nowakowski ("Nowakowski"), Chief Operations Officer and an appellee in this case, to serve as the hearing officer for Krenzel's pre-termination hearing. On August 14, 2000, Nowakowski conducted the hearing and one week later, on August 21, 2000, in a written decision, upheld the charges against Krenzel and discharged him effective immediately. The decision, however, informed Krenzel that he was entitled to a "post-termination hearing," and on August 23, 2000, Krenzel requested that hearing.

On September 25, 2000, SEPTA appointed retired Court of Common Pleas Judge Louis G. Hill to conduct Krenzel's hearing. After taking preliminary steps, Judge Hill in a letter dated October 30, 2000, resigned as hearing officer for personal reasons. SEPTA then appointed retired Court of Common Pleas Judge Murray Goldman to replace Hill. Judge Goldman convened the first in a series of four hearings in the Krenzel matter on November 28, 2000, in which he addressed motions filed by the parties and discovery requests. Judge Goldman directed SEPTA to produce various documents. On December 1, 2000, the parties unsuccessfully attempted to settle the dispute. At the beginning of the third day of hearings on December 7, 2000, SEPTA's attorney announced that it intended to reinstate Krenzel and provide him with full back pay from the date of his termination. SEPTA's attorney also stated that it would place a written reprimand in Krenzel's file putting him on probation for one year starting on May 30, 2000. Krenzel then would have the opportunity to challenge the reprimand through a different SEPTA grievance procedure.

The proceedings before Judge Goldman on December 11, 2000, opened with SEPTA's attorney stating that it had reinstated Krenzel to his previous position "with payment of his lost wages and lost benefits as of today." JSA at 488.[3] Krenzel's attorney responded that the purpose of the hearing was "to deal with my client's demand that he ha[ve] a due process hearing under the charges of May 30th," and that Judge Goldman should address damages to Krenzel beyond the reinstatement, back pay and benefits that SEPTA already promised to provide. JSA 489, 491. Judge Goldman, however, decided that under SEPTA Policy/Instruction 6.6.2 he lacked jurisdiction to hear Krenzel's claim

---

3. JSA is the joint supplemental appendix.

for damages because SEPTA had withdrawn the charges against Krenzel. Thus, Judge Goldman dismissed the proceedings.

In accordance with Pennsylvania Local Agency Law, Krenzel appealed Judge Goldman's dismissal to the Court of Common Pleas of Philadelphia County. *See* 2 Pa. Cons.Stat. Ann. § 752 (West 1995). In his brief on appeal in the Court of Common Pleas, Krenzel called into question "the Constitutional sufficiency of the so-called 'hearing' procedure" SEPTA afforded him. JSA at 6. Krenzel maintained that SEPTA violated his right to due process under the Fourth and Fourteenth Amendments of the United States Constitution. In its responding brief SEPTA characterized Krenzel's appeal as one seeking relief for violation of his right to due process. SEPTA argued that Krenzel's due process rights were not violated by the termination of the hearings before Judge Goldman after SEPTA withdrew the charges against him.

On December 28, 2001, in an order reciting that "upon consideration of the appeal of Stephen Krenzel from the decision of the Southeastern Pennsylvania Transportation Authority's ... hearing officer, the memoranda of law in support of and in opposition thereto, oral argument held thereon," the Court of Common Pleas found that "SEPTA's failure to provide Mr. Krenzel with a post-termination hearing constitutes a denial of due process." JSA at 554. It then ordered that the matter be remanded for a "post-termination hearing to take place within ninety (90) days of the docketing of this Order. As Mr. Krenzel shall now be afforded the process to which he was entitled, the Court finds that it need not address the remaining issues raised in Mr. Krenzel's appeal." At that time the court did not file an opinion.

SEPTA then filed an appeal to the Pennsylvania Commonwealth Court. On December 23, 2002, after SEPTA filed its appeal, the Court of Common Pleas, in accordance with the Pennsylvania appellate court rules, issued an opinion explaining the reasons for its December 28, 2001 order. Ultimately, however, SEPTA's appeal was successful for on December 31, 2003, less than two weeks before this case was listed before us on this appeal from the district court, the Commonwealth Court in a decision on the merits vacated the order of the Common Pleas Court entered on December 28, 2001, that had directed SEPTA to afford Krenzel a hearing to challenge his employment termination.

On September 20, 2000, prior to the hearings before Judge Goldman, Krenzel sought redress beyond that provided by SEPTA's hearing by filing this federal civil rights action under 42 U.S.C. § 1983 seeking compensatory and punitive damages and declaratory and injunctive relief against SEPTA, Leary and Nowakowski, the three appellees on this appeal.[4] The appellees responded with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), which the district court granted in part and denied in part.

On January 24, 2001, Krenzel filed an amended complaint asserting two claims under section 1983. In his first claim, Krenzel alleged that appellees retaliated against him for exercising his right to free speech under the First Amendment on matters of public concern. Specifically, Krenzel contended that he was terminated

4. Krenzel also named a John Doe defendant but he never sought to replace him with the name of an actual SEPTA employee. We therefore will not address any claims made against the John Doe defendant. *See Garvin v. City of Philadelphia,* 354 F.3d 215 (3d Cir. 2003).

for voicing concerns about the safety of the escalator at the station where the Hall accident occurred both prior and subsequent to the accident. He further asserted that SEPTA did not ask him to produce any documents during the discovery phase of the Hall litigation and that the original documents SEPTA produced in the Hall case were altered from their original form. In his second claim Krenzel maintained that appellees violated his right to procedural due process because of the delay in providing a post-termination hearing. Krenzel also claimed that when the hearings ultimately were held before Judge Goldman he was deprived of a "post-termination hearing on the aforesaid charges thus denying him procedural due process in violation of the Fourteenth Amendment of the Constitution of the United States." AP at 386.

After Krenzel filed his amended complaint, appellees filed a partial motion to dismiss under Fed.R.Civ.P. 12(b)(6), but the district court denied the motion. After appellees filed their answer and the district court issued a scheduling order, the parties engaged in discovery and then on December 7, 2001, following the close of the discovery period, appellees moved for summary judgment. On January 8, 2002, Krenzel filed a cross-motion for summary judgment on his due process claim, arguing that the December 28, 2001 order of the Court of Common Pleas should be given issue preclusive effect with respect to his due process claim. Appellees responded that the court should deny Krenzel's cross-motion, or in the alternative, should await the disposition of Krenzel's due process claim until the Commonwealth Court adjudicated SEPTA's appeal. Krenzel then filed an amended cross-motion for summary judgment on his due process claim seeking summary judgment on the merits as well as on the basis of issue preclusion. On May 29, 2002, the

district court denied both appellees' and Krenzel's motions and set a date for trial.

Prior to the trial Krenzel submitted proposed jury interrogatories in which the only question that he posed relating to his due process claim asked "[d]o you find, from a preponderance of the evidence, that the defendants or any one of them, failed to afford the plaintiff the opportunity of a name-clearing hearing following the May 30, 2000 termination of plaintiff's employment at SEPTA?" AP at 796.

At the conclusion of Krenzel's case-in-chief, appellees made a motion for judgment as a matter of law under Fed. R.Civ.P. 50(a), arguing that Krenzel failed to provide any evidence that SEPTA disseminated the charges against him and he therefore was not entitled to a name-clearing hearing under the due process clause. During the Rule 50 colloquy, the court stated that in light of Krenzel's proposed jury interrogatories, it thought that the only due process claim that Krenzel was pursuing was SEPTA's failure to provide a name-clearing hearing. Krenzel's attorney disputed the limitation of his due process cause of action, arguing that under the due process clause Krenzel was entitled to a hearing in connection with his discharge irrespective of whether SEPTA published information about Krenzel's role in the Hall accident or his discharge.

The district court then stated "Mr. Krenzel I know is concerned about this, is that he didn't get a chance to clear his name. That's the issue. Was he entitled to a name clearing hearing." AP at 24–25. Krenzel's attorney responded, "I disagree, and I hope I'm doing so on the record, with Your Honor's characterization of the claim insofar as it being a hearing solely for purposes of name clearing." AP at 25–26. The appellees also moved for judgment as a matter of law as to Krenzel's

claim for punitive damages against Leary and Nowakowski, all claims brought against Nowakowski, and the First Amendment claim.

The district court granted the Rule 50 motion in part and denied it in part. Because the court found that there was no evidence of dissemination of Krenzel's termination by SEPTA, it granted judgment as a matter of law on Krenzel's due process claim. It further granted the motion as to Krenzel's claim for punitive damages because it found that there was "absolutely no testimony to meet that high standard of deliberate indifference." AP at 32. Finally, the court granted judgment as a matter of law to Nowakowski as to all claims. Thus, the only claim that the court permitted to go to the jury was Krenzel's First Amendment retaliation claim against SEPTA and Leary.

On September 16, 2002, the jury found in favor of appellees and against Krenzel on his First Amendment claim. The court entered judgment in accordance with the jury's verdict. Krenzel then filed a motion for a new trial and for a judgment as a matter of law. In a memorandum and order entered October 8, 2002, the district court denied Krenzel's motion. Krenzel then appealed.[5]

On this appeal Krenzel raises the following points:

1. The [district] court erred in denying appellant's motion for partial summary judgment, based on collateral estoppel, on Krenzel's procedural due process claim, subsequent to a state court's de-termination that SEPTA denied Krenzel procedural due process.

2. The [district] court erred in granting appellees' motion under Fed.R.Civ.P. 50(a) on Krenzel's procedural due process claim where the record contained evidence that SEPTA denied him a post-termination hearing in which he could present evidence in defense of the serious charges which had been made against him.

3. Because the district court erred in denying Krenzel's motion for partial summary judgment, or in granting SEPTA's Rule 50(a) motion, Krenzel is entitled to be deemed the prevailing party notwithstanding the jury's verdict on the issue which was submitted.

Appellant's brief at ii-iii. Significantly Krenzel does not appeal on a free-standing basis unrelated to his other arguments from the judgment entered on the jury's verdict rejecting his First Amendment claim.

It is obvious from Krenzel's formulation of his points on this appeal that an understanding of the opinions of the Common Pleas and Commonwealth Courts, particularly the latter, is critical to our disposition of this appeal. In this regard, we make a preliminary determination. The parties promptly brought the Commonwealth Court decision to our attention pursuant to Fed. R.App. P. 28(j). In his covering letter supplying the Commonwealth Court's opinion, Krenzel's attorney indicated that we might regard the decision "to be irrelevant, because the District Court's decision must be assessed based upon the record in

---

**5.** The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction under 28 U.S.C. § 1291. The parties agree that our review of the district court's denial of summary judgment as to Krenzel's due process claim is plenary. *See Northview Motors, Inc. v. Chrysler Motors* *Corp.,* 227 F.3d 78, 87–88 (3d Cir.2000). We also exercise plenary review over the district court's grant of judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. *Buskirk v. Apollo Metals,* 307 F.3d 160, 165 (3d Cir.2002).

the District Court when that decision was made."

While Krenzel is correct that ordinarily a court of appeals will base its decision on the record as it existed in the district court, nevertheless the court of appeals in an appropriate case may allow the supplementing of the record and that is exactly what we will do with respect to the Commonwealth Court's decision of which we will take judicial notice. *See* Fed.R.Evid. 201. If we did not do so we would be constrained to determine whether the district court erred in failing to give preclusive effect to an order already vacated. In that event, if we agreed with Krenzel's contention with respect to the preclusive effect of the Common Pleas Court order, we simply would be inviting SEPTA to move for relief under Fed.R.Civ.P. 60(b)(5) (stating that court may relieve a party from a judgment when "prior judgment upon which it is based has been reversed or otherwise vacated"). We decline to subject the parties to such a convoluted procedure.

The Common Pleas Court, after setting forth the facts of the case and the generally applicable principles of law, concluded:

The facts of this case mandate the conclusion that (1) Krenzel was constitutionally entitled to a hearing by SEPTA to address the allegations made against him; and (2) that he was not given the hearing to which he was entitled. Preliminarily, it should be noted that Krenzel was notified of the pending action on May 30, 2000, and a final decision to terminate his employment was rendered on August 21, 2000. It was not until December, 2000 that Judge Goldman terminated the hearings, finding that they were moot. Thus, there is a question as to whether the process that was afforded to Krenzel was constitutional. See *Armstrong v. Manzo,* 380 U.S. 545,

552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (a due process hearing must be held at a meaningful time and in a meaningful manner).

Moreover, the fact that SEPTA withdrew Krenzel's termination did not make the hearing moot, despite the finding of Judge Goldman. To the contrary, Krenzel was entitled to try to prove that any disciplinary action, whether termination or letter of reprimand, was without merit. Due process considerations still apply because Krenzel was still disciplined (placed on probation), was denied his full back pay and back benefits, and was denied the right to return to his former position. Moreover, SEPTA's unilateral decision to reinstate Krenzel with these penalties was not a settlement of all of the issues that were to be addressed before Judge Goldman. No releases were signed, no rights were waived. Also, Krenzel was still entitled to argue the question of damages before Judge Goldman.

Finally, Krenzel was entitled to a hearing before an impartial party. Certainly this Court does not question Judge Goldman's integrity, however, because his services were paid for by SEPTA, because he was selected by SEPTA, and because SEPTA was a past and potential future 'employer' for purposes of SEPTA Policy 6.6.2 hearings, there was an appearance of impropriety which was not overcome by the truncated proceedings provided to Krenzel.

The Commonwealth Court reached very different conclusions. First, it dismissed the argument that SEPTA's appointment of Judge Goldman violated due process. It pointed out that while SEPTA hired Judge Goldman and there may have been the potential for an on-going employment relationship between SEPTA and Judge Goldman, "these circumstances are pres-

ent ... in virtually every case where an administrative hearing is conducted by the agency to review the agency's action." It then observed that "the function of prosecution was separated from the function of adjudication. Outside counsel was hired to represent SEPTA, and Judge Goldman was appointed to adjudicate Krenzel's claim. This satisfied due process." Next the Commonwealth Court held that "[t]he matter of Krenzel's termination is moot" by "virtue of SEPTA's decision to reinstate [him] to his position with full back pay and benefits."

The Commonwealth Court then pointed out that there was an ongoing argument about whether SEPTA gave Krenzel the reinstatement he was promised. In the circumstances, Krenzel was entitled to have SEPTA's reinstatement promise enforced or to have his probation and related disciplinary measures set aside.

■ It is now quite clear that, in the light of the Commonwealth Court decision, we must affirm. To start with we cannot possibly hold that the district court erred in denying Krenzel's motion for partial summary judgment which he predicated on the collateral estoppel or the preclusive effect of the Common Pleas Court's decision that SEPTA denied him procedural due process. After all, the decision has been vacated and the Commonwealth Court has made it clear that Krenzel's due process rights were not infringed by the hearing procedures and that he may seek any remedy to which he is entitled in further administrative proceedings. Thus, we reject Krenzel's first point.[6] Indeed, it is ironical that Krenzel's comprehensive issue preclusion argument in his brief now is working against him. Of course, it is equally ironical that appellees argue vigorously in their brief why issue preclusion is inapplicable but now that principle works for them.

■ We also reject Krenzel's second contention, i.e., that the district court erred in granting appellees' Rule 50(a) motion which Krenzel predicated on the theory that SEPTA denied him a post-termination hearing in which he could present evidence in defense of the serious charges against him. It is perfectly clear that Judge Goldman and not SEPTA terminated the hearing as he held that the proceedings were moot. While Krenzel may believe that the judge erred in taking that action, even if we ignored the fact that the Commonwealth Court held that the judge did not err, we could not hold that SEPTA could have been liable on the basis of his determination. After all, Judge Goldman's very function was to reach his own conclusions with respect to the relief, if any, to which Krenzel might be entitled. Moreover, we will not hold SEPTA liable for creating the conditions leading to Krenzel's claim becoming moot by reinstating him with back pay as that relief was part of the relief that Krenzel was seeking and he thus cannot complain about receiving it.

■ Finally, we reject Krenzel's third point that he is entitled to be deemed the prevailing party notwithstanding the jury verdict against him. We hardly could reach a different result inasmuch as Krenzel predicated his argument on his first two arguments, i.e., the court erred in denying his motion for partial summary judgment and in granting SEPTA's Rule 50(a) motion. In view of our conclusions

---

6. We doubt that in any event issue preclusion could be applied appropriately as to Leary and Nowakowski to the extent that Krenzel sued them individually, as they were not parties in the Common Pleas Court action. Applying issue preclusion against Krenzel is a different matter as he was a party in the state court action. See Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 547–48 (3d Cir. 1996).

that the court did not err in taking either of these actions, Krenzel cannot be deemed the prevailing party. In any event, to the extent that the jury found in favor of appellees on Krenzel's First Amendment claim he is not the prevailing party as the exact opposite is true.

For the foregoing reasons we will affirm the judgment entered in the district court on September 18, 2002.