Henry M. GREER, Appellant

v.

David DIGUGLIELMO, SCIG–Supt; Patricia Croll, SCIG–Inmate Accounting Supervisor; Tom Rowlands, SCIG–Inmate Record Supervisor; Michael Spencer, SCIG–Business Officer Manager all Defendants are being sued in their official and individual capacities.

No. 09–2008.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 11, 2009.

Opinion filed: Oct. 9, 2009.

Henry M. Greer, Graterford, PA, pro se.

Kevin R. Bradford, Esq., Claudia M. Tesoro, Esq., Office of Attorney General of Pennsylvania, Philadelphia, PA, for Appellee.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Henry M. Greer appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment.

Because the parties are familiar with the background of the case, we will not recount it in great detail. Briefly, Greer, an inmate of the State Correctional Institution at Graterford, Pennsylvania, filed his civil rights complaint against several current and former prison officials in their official and individual capacities. Greer alleged that the defendants violated his Fourth Amendment right to be free from unreasonable seizures by deducting funds from his prison account for payment of court costs associated with his York County criminal convictions in two separate

matters. According to the complaint, in August 1980, Judge Joseph Erb sentenced Greer to fifteen to thirty years incarceration for a rape and robbery conviction (York County No. 1009 Criminal Action 1979, or "CP 1009/1979"; OTN A382942–0). The Court Commitment stated that Greer was to pay $446.85 in court costs. On the same day, Judge Emanuel Cassimatis sentenced Greer to a consecutive fifteen to thirty year term for a rape, burglary, and aggravated assault conviction (York County No. 1060 Criminal Action 1979, or "CP 1060/1979"; OTN A382939–4). The Court Commitment stated that Greer was to pay $470.84 in court costs. Both sentences were later vacated to permit Greer to preserve his appellate rights. Judge Cassimatis reimposed his original sentence in October 1980. Judge Erb reimposed his original sentence in March 1988, but according to Greer, Judge Erb's reimposition of sentence did not include court costs.

On September 2, 2002, Greer received his prison account statement and learned that the Department of Corrections ("DOC") had begun to deduct funds from his account to satisfy the court costs incurred in both criminal cases; the deductions were made pursuant to "Act 84," 42 Pa.C.S.A. § 9728(b)(3) and (5). Greer immediately sent an inmate request slip to the inmate accounting office to contest the deductions. The request was denied, and the deductions continued. Greer pursued relief via various petitions in state court in addition to pursuing administrative relief. Then, notably, in November 2006, Greer filed a prison grievance concerning the deductions, questioning why his prison account was being subjected to deductions when he had already paid the $470.84 that

he had owed in court costs in CP 1060/1979. Greer received a response that noted that, indeed, he already had satisfied the costs incurred in OTN A382939–4 (CP 1060/1979), and that $6.01 remained of the costs originally imposed in OTN A382942–0 (CP1009/1979). However, the response acknowledged that it appeared that Greer was resentenced in OTN A382942–0 without mention of court costs. Noting that a refund inquiry was made on Greer's behalf to York County Adult Probation and Parole, and that Greer's own pursuit of relief was pending before the Pennsylvania Supreme Court, the response stated that no further deductions would be made pending the outcome of Greer's state court proceedings. Greer unsuccessfully pursued administrative appeals of this grievance; the final administrative decision was issued on February 9, 2007.

In March 2008, Greer filed his section 1983 complaint, with exhibits, and he sought damages relief. The defendants filed a motion to dismiss and raised a number of defenses, including that the complaint was filed beyond the applicable statute of limitations .[1] Greer filed a response. The District Court granted the motion to dismiss on the statute of limitations basis. This appeal followed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the motion to dismiss the complaint as barred by the statute of limitations. *Algrant v. Evergreen Valley Nurseries Ltd. Partnership*, 126 F.3d 178, 181 (3d Cir. 1997).

Upon review of the record, we will affirm for substantially the same reasons given by the District Court. The District

---

1. The defendants also argued, among other things, that the Eleventh Amendment bars damages claims against Commonwealth defendants in their official capacities, and to the extent that the defendants were sued in their individual capacities, the complaint fails to state a claim of a constitutional violation relating to the account deductions.

Court correctly applied Pennsylvania's two-year personal injury statute of limitations, given that section 1983 claims are subject to the state's statute of limitations governing personal injury actions. *See Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir.2003) (citing 42 Pa.C.S.A. § 5524). According to Greer's complaint, he became aware on September 2, 2002, of the DOC's deductions from his prison account to satisfy court costs relating to both criminal cases. Greer had two years to file his civil rights complaint. Because Greer did not submit his complaint to the District Court until March 2008, his claims are barred by the statute of limitations.

In addition, we agree with the District Court's conclusion that the continuing violations doctrine does not apply to Greer's case. Greer alleged in the complaint that the matter had been ongoing from September 2, 2002 through December 2006, but the DOC's first deduction from his prison account constituted a discrete and independently actionable act, thereby immediately triggering the limitations period. *See, e.g., O'Connor v. City of Newark,* 440 F.3d 125, 129 (3d Cir.2006) ("If the allegations in [plaintiff's] complaint are discrete, then each gave rise to a cause of action at the time it occurred. That cause of action persisted for two years and then lapsed."). Moreover, any alleged ongoing failure of prison officials to correct its course following the initial decision to deduct from Greer's prison account does not constitute a continuing violation. *See Cowell v. Palmer Township,* 263 F.3d 286, 292–93 (3d Cir.2001).

Because this appeal presents no "substantial question," we will summarily affirm the District Court's decision. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.