GLD-171                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4624
_____

DONNELLY J. LEBLANC,
                    Appellant

v.

CRAIG STEDMAN;
BRIAN E. CHUDZIK;
THOMAS B. ZELL;
DEAN MORGAN;
GEORGE PAPPAS;
JOHN DOE, Chief of Police;
COUNTY OF LANCASTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-05215)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012

Before: FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: May 2, 2012 )
_____

OPINION
_____

PER CURIAM

Donnelly J. LeBlanc appeals, pro se, from a District Court judgment in favor of defendants in his civil rights action. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.      Background

The record reflects that on October 7, 2007, during a dispute with his wife, LeBlanc drove his pick-up truck into his wife's Mercury Sable, pushing the Sable into their porch. LeBlanc said he purposefully damaged the Sable because he wanted his wife to get a new car and he did not want to invest the time and money to fix it. After the incident, LeBlanc and his wife drove to a nearby friend's house.

Detective Pappas responded to a report of a domestic disturbance and encountered LeBlanc and his wife at their friend's house. Pappas interviewed the LeBlancs and arrested LeBlanc for simple assault and recklessly endangering another person. Pappas photographed the damage to the automobile, had it towed to a garage, and stopped by LeBlanc's house to survey the damage to the porch.

Pappas warned State Farm, the insurer of the LeBlancs' cars and home, that LeBlanc might attempt to file a false insurance claim. On October 10, 2007, LeBlanc contacted his insurance agent, requesting reimbursement for the $95 towing bill he paid as a result of the October 7, 2007 incident. In making this request, LeBlanc

misrepresented the events leading to the towing of the Sable.[1]  LeBlanc's insurance agent believed that he was submitting a claim for the towing expense and assigned a claim number to the request.[2]  While State Farm was reviewing LeBlanc's reimbursement request, LeBlanc's wife contacted the insurance agent's office and gave a slightly different version of the events that led to the towing of the Sable.

In December 2007, State Farm investigators contacted Pappas, and they later faxed him their report regarding LeBlanc's reimbursement request, including LeBlanc's and his wife's description of the incident that led to the towing of the Sable.  The report also indicated that LeBlanc was seeking a quick settlement.  After reviewing State Farm's report, Pappas described the events to Assistant District Attorney Dean Morgan.  Pappas then prepared an affidavit of probable cause and criminal complaint against LeBlanc, charging him with criminal conspiracy and insurance fraud.  The complaint was signed by Chief Thomas Zell of the Akron Borough Police Department.  District Justice Willwerth issued a warrant for LeBlanc's arrest on January 8, 2008, and LeBlanc was arrested.  However, in February 2010, the charges were nolle prossed, and the case was

---

[1] According to the State Farm insurance agent's office, LeBlanc said he had hit a tree on Route 322 after a tire blew out.  LeBlanc claimed that this was not the story he told State Farm, but he admitted that he made up a story about why the Sable needed to be towed.

[2] LeBlanc asserts that reimbursement for towing was not a part of his insurance policy, but was a courtesy service offered by his agent.

dismissed.[3]

In October 2010, LeBlanc initiated a civil rights action under 42 U.S.C. § 1983 against Assistant District Attorney Craig Stedman, Chudzik, Zell, Morgan, Pappas, John Doe (Chief of Police), and the County of Lancaster. He presented claims of false arrest, false imprisonment, conspiracy, and malicious prosecution. Defendants filed motions to dismiss. The District Court dismissed the claims against Stedman, Chudzik, Morgan, Doe, and Lancaster County, as well as the conspiracy claim. The District Court converted Zell's motion into a motion for summary judgment and granted the motion.[4] After discovery, Pappas filed a motion for summary judgment, which the District Court granted. LeBlanc timely appeals and requests a temporary preliminary injunction and restraining order.

II.     Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

---

[3] The Assistant District Attorney assigned to prosecute the criminal action was Brian E. Chudzik.

[4] After LeBlanc filed the complaint, he filed multiple motions for appointment of counsel and to compel discovery. The District Court denied all the requests.

4

Summary judgment is granted when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). We review the District Court's orders regarding discovery matters and appointment of counsel for abuse of discretion. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010); Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993). We may affirm on any basis supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

III.    Discussion

   A.    Motions to Dismiss

      1.    Stedman, Chudzik, Morgan

LeBlanc's claims against Assistant District Attorneys Stedman, Chudzik, and Morgan revolve around the charging documents. LeBlanc alleged that Morgan failed to verify the information that he received from Pappas before agreeing that charges should be brought, and that Chudzik and Stedman failed to come forward with evidence that he did not file an insurance claim. Prosecutors, however, are immune from suit under § 1983 when "act[ing] within the scope of [their] duties in initiating and pursuing a criminal prosecution." Imbler v. Pachtman, 424 U.S. 409, 410 (1976). This protection encompasses prosecutors' activities in connection with preparing and filing charging documents, such as the information and arrest warrant. Kalina v. Fletcher, 522 U.S. 118, 129 (1997). Consequently, Stedman, Chudzik, and Morgan were immune from suit, and

5

the District Court properly dismissed the claims against them.

### 2. Lancaster County

To state a § 1983 claim against Lancaster County, LeBlanc must identify a county policy or custom that caused the his injury. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). A policy or custom must be established by "showing that a governmental policymaker is responsible by action or acquiescence for the policy or custom." Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 250 (2007). LeBlanc baldly stated that Lancaster County had a policy of accepting criminal charges and prosecuting without verifying the truth to the charges. This was insufficient to state a claim against Lancaster County. See Iqbal, 556 U.S. at 678.

### 3. John Doe, Chief of Police

LeBlanc's claim against the Chief of Police also fails, as he did not allege facts to demonstrate the Chief of Police's personal involvement with his arrest, imprisonment, or prosecution. As the District Court recognized, a civil rights claim "cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 4. Conspiracy Claim

To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir.1993), abrogated on other grounds by United Artists Theatre Circuit,

6

Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir.2003). LeBlanc did not allege facts suggesting an illicit agreement. He simply stated that defendants "acted in concert to falsely arrest and imprison [him]." Therefore, his allegations failed. See Iqbal, 556 U.S. at 678.

B.      Summary Judgment

1.      Zell

LeBlanc's claims against Zell for false arrest or false imprisonment are barred by the two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524(1); Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003). The statute of limitations for a claim of false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." See Wallace v. Kato, 549 U.S. 384, 397 (2007). The statute of limitations thus commenced when LeBlanc waived arraignment in March 2008. See id. at 391. LeBlanc's § 1983 action was filed in October 2010, beyond the expiration of the limitations period.[5] Zell was therefore entitled to judgment as a matter of law.[6]

---

[5] We do not decide LeBlanc's claims of false arrest and false imprisonment against Pappas on the basis of the statute of limitations. He filed a § 1983 action against Pappas raising these claims in 2009, see E.D. Pa. No. 09-1685, and reinstated them after the insurance fraud and conspiracy charges were nolle prossed. See Wallace, 549 U.S. at 393-94.

[6] The District Court did not address the malicious prosecution claim against Zell, which is not barred by the statute of limitations. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). This failure is harmless error, as there is no set of facts on which LeBlanc may recover on his malicious prosecution claim against Zell. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987), infra § III.B.2.

7

2.     Pappas

The District Court properly granted summary judgment in favor of Pappas. To prove false arrest or false imprisonment, a plaintiff must demonstrate that the police lacked proper cause to arrest him. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995). Generally, the existence of probable cause is a question of fact. Groman, 47 F.3d at 635. However, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to [the p]laintiff, reasonably would not support a contrary factual finding." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that the offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995). Where an arrest is made pursuant to a warrant, establishing a lack of probable cause requires a plaintiff to show "by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000).

LeBlanc argues that probable cause did not exist because Pappas never proved that LeBlanc submitted an insurance claim for the Mercury Sable. While it is disputed

8

whether LeBlanc's towing reimbursement request was an insurance claim or simply a courtesy request, see supra n.2, this discrepancy is immaterial. "[W]e are concerned here only with the question of probable cause, not [LeBlanc's] guilt or innocence." Wright v. City of Phila., 409 F.3d 595, 603 (3d Cir. 2005). State Farm insurance agents believed that LeBlanc had submitted an insurance claim, and this belief was relayed to Pappas. Pappas noted this belief in the affidavit of probable cause, along with State Farm's record that on October 10, 2007, LeBlanc had represented to State Farm that he had struck a tree along Route 322 while operating the Sable, and that on November 2, 2007, LeBlanc's wife contacted State Farm, inquiring about the status of claim and reporting that LeBlanc had struck a tree on a different road. Pappas contrasted these representations with his October 2007 domestic disturbance investigation, which revealed that the Sable was damaged and required towing after LeBlanc drove his truck into it. The affidavit also noted that the insurance investigator commented that LeBlanc was pushing for a quick settlement. These statements in the probable cause affidavit were all supported by police reports and State Farm's auto claim service and investigation report. Moreover, LeBlanc failed to show that Pappas had reason to doubt any of the evidence. Cf. Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (sheriff executing an arrest warrant not required to investigate independent every claim of innocence). We therefore agree that the police had probable cause to arrest LeBlanc, as the information within Pappas' knowledge would warrant a reasonable person to believe that LeBlanc had committed insurance

9

fraud or conspiracy.[7]  Similarly, because probable cause existed as to the charges,

LeBlanc's malicious prosecution claim must fail.[8]  See McKenna v. City of Phila., 582

F.3d 447, 461 (3d Cir. 2009) (to prevail on malicious prosecution claim, plaintiff must

show the criminal proceeding was initiated without probable cause).  Simply put,

summary judgment was proper because the evidence, viewed most favorably to LeBlanc,

simply would not support a finding that probable cause did not exist.  See Merkle, 211

F.3d at 788-89.

---

[7] A person commits insurance fraud if he "[k]nowingly and with the intent to defraud any insurer. . .  presents or causes to be presented to any insurer . . . any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim."  18 Pa. Cons. Stat. § 4117(a)(2).

"A person is guilty of conspiracy with another person . . . to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person . . . that they or one or more of them will engage in conduct which constitutes such crime . . . ; or (2) agrees to aid such other person . . . in the planning or commission of such crime."  18 Pa. Cons. Stat. § 903(a).

[8] LeBlanc also argues that it was "fatal error" that Pappas did not produce all the documentation he received from State Farm insurance in his motion for summary judgment, as one of Pappas' reports indicates he received 23 pages of claim information from State Farm.  But the applicable rule places no requirement on a summary-judgment movant to produce all evidence it obtained during discovery.  See Fed. R. Civ. P. 56(c).  LeBlanc additionally contends that the evidence of State Farm's claim service and investigation report is forged because "no prudent person would believe . . . [that] a 1993 Mercury Sable would be financed by Capitol One Auto . . . [or] covered by collision [insurance], especially not by a lower income family."  LeBlanc, however, failed to support this bald assertion with any evidence, meaning it could not defeat summary judgment.  See Doe v. Luzerne Cnty., 660 F.3d 169, 175 (3d Cir. 2011).

10

B.     Motions to Compel Discovery and Motions for Appointment of Counsel

LeBlanc argues that the District Court abused its discretion in denying his multiple motions to compel discovery and appoint counsel.  He contends that the denials prevented him from submitting evidence that the towing reimbursement he requested from State Farm was not part of his insurance policy.  As discussed above, whether LeBlanc's towing reimbursement request was an insurance claim or simply a courtesy request was immaterial.  LeBlanc's claims of false arrest, false imprisonment, and malicious prosecution turned on the question of probable cause, not LeBlanc's guilt or innocence.  See Wright, 409 F.3d at 603.  Accordingly, the District Court did not abuse its discretion by denying his motions to compel discovery.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 818 (3d Cir. 1982).  Similarly, the District Court did not abuse its discretion in denying LeBlanc's motions for appointment for counsel.  See Tabron, 6 F.3d at 156-58.

For the foregoing reasons, we will affirm the District Court's judgment.  LeBlanc's motion for a temporary preliminary injunction and restraining order is denied.  See NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).