NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1189

| | |
|---|---|
| LOUISE DAVENPORT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 09 C 4517 |
| JOHN DOVGIN, et al., *Defendants-Appellees.* | Sharon J. Coleman, *Judge.* |

**O R D E R**

Louise Davenport brought a range of claims challenging two separate arrests for trespass and other police conduct that occurred during her post-arrest detention at the police station. The district court disposed of these claims, dismissing most of them for

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

failure to state a claim, and granting summary judgment on a Fourth Amendment claim challenging the conditions of her detention.  We affirm.

In 2009 Davenport brought this suit under 42 U.S.C. § 1983 against the City of Chicago, the Chicago Police Department, several individual officers, and other defendants, claiming false arrest, due process violations in connection with the disposal of her personal property, discrimination under the Americans with Disabilities Act, intentional infliction of emotional distress, equal protection violations, and Fourth Amendment violations in connection with the conditions of her confinement (the Fourth Amendment governs the period of confinement between arrest without a warrant and the probable cause determination, *see Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013)). According to her complaint, Davenport was arrested two years earlier for trespassing when a police officer found her sleeping under an overpass next to a sign that stated "State Property No Trespassing." Once at the police station, she alleged, the police refused to let her use the restroom, threw away her bags containing personal belongings and denied her food. She added that the officers further detained her after she resisted being photographed because the flash of the camera hurt her eyes. She also alleged that police re-arrested her the following month for trespassing at the same place.

At screening, *see* 28 U.S.C. § 1915A, Judge Aspen dismissed most of Davenport's claims for failure to state a claim. First the judge dismissed the due process claim, concluding that an adequate postdeprivation remedy at state law was available. The judge also dismissed the ADA claim because Davenport did not allege how she was a qualified individual, for what public program she qualified, or how the defendants discriminated against her by reason of any disability. Next the judge dismissed her claim for intentional infliction of emotional distress, concluding that she did not allege that the defendants intended to inflict emotional distress (or were aware of a high probability of doing so). The judge also dismissed the equal protection claim because she did not allege that she was mistreated by the police because of her race or any other protected characteristic. Judge Aspen, however, did allow Davenport to proceed on her Fourth Amendment claim regarding the conditions of her confinement: that officers refused her requests to use the bathroom, denied her food, and pressured her to be photographed even though doing so would hurt her eyes.

The case was transferred to Judge Coleman and, after further proceedings, Davenport moved to amend her complaint to name three additional defendants. Judge Coleman granted the motion with respect to one defendant who had been named in the

body of the original complaint, but denied the motion with regard to the other two because the statute of limitations had already run. The judge later granted the defendants' motion for summary judgment on the remaining Fourth Amendment claim, agreeing that the individual officers were not involved in the conditions of Davenport's post-arrest confinement and that Davenport failed to identify an official City policy or custom that led to her injuries.

On appeal Davenport challenges the dismissal of many of her claims at the screening stage. She asserts, for instance, that Judge Aspen failed to adequately explain why he dismissed her false arrest claims–claims that, she maintains, must be liberally construed because she was proceeding pro se. Although the judge on this point did not explain his rationale, Davenport's complaint cannot state a plausible false-arrest claim because she did not allege that the officer lacked probable cause to arrest her. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011). To the contrary, her allegations confirm that a reasonably prudent officer witnessing a person sitting near a no-trespassing sign would believe that the offense of trespassing had occurred. *Sroga*, 649 F.3d at 610 (probable cause existed for trespassing arrest when defendant was stopped near sign reading "Police Parking Only and Police Personnel Only").

Davenport next asserts that Judge Aspen erred in dismissing her ADA claim because her complaint, when viewed liberally, reflects that she should have received reasonable accommodations for her medical conditions, which include congestive heart failure, rheumatoid arthritis, peripheral artery disease, and blindness in one eye. But as the judge noted, more is required to state a claim for an ADA violation: the complaint must also allege that she was a "qualified person" denied the "benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. Davenport's complaint cannot state a plausible claim for relief because it does not allege what service, program, or activity she believes she was excluded from because of a disability. *Id*. §§ 12131(2), 12132*.*

Davenport next challenges Judge Aspen's dismissal of her intentional-infliction-of-emotional-distress claim, asserting that she sufficiently alleged that the officers should have known that the disposal of her property was likely to cause severe emotional distress. But we need not reach the issue because her claim is barred by the relevant one-year statute of limitations. *See* 745 ILCS 10/8-101, 1-204. Although the statute of limitations is an affirmative defense, a court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of

limitations has expired. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Judge Aspen assumed that a two-year statute of limitations applied, but in fact it is only for a single year because the claim falls within an Illinois statute that covers civil actions against a local entity or its employees for an injury. *See* 745 ILCS 10/8-101; *Woidtke v. St. Clair County, Ill.*, 335 F.3d 558, 561 (7th Cir. 2003) (stating that one-year statute of limitation applied to suit alleging negligence by county and public defender); *Kaufmann v. Schroeder*, 946 N.E.2d 345, 346–47 (Ill. 2011) (affirming dismissal of intentional infliction of emotional distress claim against municipal corporation under 10/8-101). Because Davenport alleged that she was injured by the City, its police department, and several city employees, her intentional infliction of emotional distress claim is subject to a one-year statute of limitations. *See* 745 ILCS 10/8-101. This claim is therefore time-barred because it arises out of incidents that occurred in July and August 2007, well over a year before she eventually filed this lawsuit.

Davenport also challenges Judge Coleman's denial of her request to amend the complaint to name two additional defendants because the statute of limitations had expired. In her view, the proposed defendants had notice of the suit through what another circuit has identified as the "shared attorney" method of imputing notice. Under this method, the defendant to be added is deemed to have received timely notice of the plaintiff's claims because that person is currently being represented by the particular attorney who represents an originally named defendant. *Garvin v. City of Philadelphia*, 354 F.3d 215, 222–23 (3d. Cir. 2003); *Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 196–97 (3d Cir. 2001). But even if we accepted the "shared attorney" method, it does not apply here because notice of the suit was not imputed to the proposed defendants through the shared attorney within 120 days of Davenport's filing of her complaint. *See* FED. R. CIV. P. 15(c)(1)(C), 4(m); *Garvin*, 354 F.3d at 223. The shared attorney did not begin representing the proposed defendants until Davenport moved to amend the complaint, almost two years after she filed suit. Because the "shared attorney" method does not apply, and Davenport attempted to name the proposed defendants after the statute of limitations expired, Judge Coleman correctly denied the motion to amend.

Finally Davenport contests summary judgment on her Fourth Amendment claim relating to post-arrest confinement conditions. Though her argument is difficult to decipher she seems to believe that she identified a factual dispute when she alleged that the officers' lack of training led to their refusal to let her use the bathroom and pressuring her to be photographed even though doing so would hurt her eyes. But

Judge Coleman properly granted summary judgement to the City because Davenport merely speculated that her injuries resulted from a City policy or widespread practice; instead, she must produce some evidence so showing. *See Carroll v. Lynch*, 698 F.3d 561, 565 (7th Cir. 2012); *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008). Further, Judge Coleman correctly determined that summary judgment was proper with regard to the individual defendants because the evidence showed that they were involved only in Davenport's arrests and the inventory of her property, not the conditions of her post-arrest confinement.

Although Davenport also purports to appeal Judge Coleman's failure to address her request for a preliminary injunction, the point is moot because a preliminary injunction would serve no purpose now that the case has been resolved on the merits. *See Girl Scouts of Manitou Council, Inc., v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1085–86 (7th Cir. 2008).

We have reviewed Davenport's remaining arguments, and all are without merit. Accordingly, we AFFIRM the judgment of the district court.