**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4416
_____

JOSE G. CRUZ,
                              Appellant

v.

SCI-SMR DIETARY SERVICES; SUPERINTENDENT SOMERSET SCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-13-cv-00031)
District Judge: Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Filed: May 5, 2014)
_____

OPINION
_____

PER CURIAM

        Jose G. Cruz, a state prisoner proceeding pro se, appeals from an order of the

District Court dismissing his complaint.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

Cruz filed a 42 U.S.C. § 1983 action in the District Court in February 2013 alleging that his constitutional rights were violated by the Defendants during incidents which occurred while he was in custody at the State Correctional Institution at Somerset ("SCI-Somerset"). He first claimed that the Defendants violated his Eighth Amendment rights in May 2010 when they allegedly fed him tainted chicken salad which caused him to experience severe gastro-intestinal illness. Cruz asserted that the Defendants did not adequately treat his illness until the end of July 2010. Cruz also alleged that on January 2, 2012, guards at the prison failed to supervise his cell while he was away at lunch, in violation of established procedure. Apparently, Cruz's cell door was not properly locked, which allegedly enabled a fellow prisoner to gain access to his cell and steal items worth approximately $175.80.

Acting prior to service, the Magistrate Judge issued a report, recommending that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. She determined that Cruz's Eighth Amendment claim was barred by the applicable statute of limitations because Cruz did not file his complaint until February 11, 2013. Construing Cruz's second claim as one alleging deprivation of property without due process in violation of the Fourteenth Amendment, the Magistrate Judge determined that the claim was not actionable because sufficient post-deprivation remedies were available to Cruz.

In an order entered October 31, 2013, the District Court adopted the report and recommendation and dismissed the complaint. The District Court noted that although

Cruz had not filed objections, it had independently reviewed the record and considered the Magistrate Judge's report and recommendation before adopting it.[1] Cruz appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree that Cruz's Eighth Amendment claim is time-barred. The statute of limitations applicable to § 1983 claims in Pennsylvania is two years. See Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584, 585 (3d Cir. 1985); see also 42 Pa. Cons. Stat. § 5524(2). Cruz's cause of action accrued between May and July 2010, when he was allegedly injured by the Defendants' failure to adequately treat his gastro-intestinal illness. Cruz did not file his complaint until February 11, 2013, more than two years after the alleged wrongdoing. We agree with the District Court that the injuries Cruz alleged are of the sort that would have been apparent to him at the time they were committed. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."). Although the statute of limitations is an affirmative defense, sua sponte dismissal is appropriate when "the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fogle v.

---

[1] Although the District Court granted Cruz's two requests for an extension to file objections, he did not ultimately file objections to the report and recommendation.

3

<u>Pierson</u>, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations omitted); <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 655–56 (4th Cir. 2006). Although the Magistrate Judge invited Cruz to address the statute of limitations issue in objections, he did not do so.[2] Dismissal was therefore appropriate.

The District Court also correctly dismissed Cruz's apparent Fourteenth Amendment claim. Procedural due process guarantees that the State will not deprive an individual of a protected interest in property without due process of law, <u>Parratt v. Taylor</u>, 451 U.S. 527, 537 (1981), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986), but the United States Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, <u>Parratt</u>, 451 U.S. at 543, and intentional deprivations of property, <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). The Pennsylvania Department of Corrections ("DOC") grievance procedure provides an adequate post-deprivation remedy, <u>see</u>, <u>e.g.</u>, <u>Tillman v. Lebanon County Correctional Facility</u>, 221 F.3d 410, 422 (3d Cir. 2000), and the existence of this post-deprivation remedy forecloses Cruz's due process claim.[3] We

---

[2] We note that Cruz stated in his complaint that he did not pursue prison administrative remedies related to this claim. (<u>See</u> Compl. at p.5.) Thus, even assuming that the administrative grievance and appeal periods operate to toll the statute of limitations, <u>see</u>, <u>e.g.</u>, <u>Gonzalez v. Hasty</u>, 651 F.3d 318, 323-24 (2d Cir. 2001), Cruz was not entitled to tolling on that basis given that he did not grieve this claim administratively.

[3] Indeed, Cruz indicated in his complaint that he availed himself of the DOC's internal grievance procedure to challenge this alleged deprivation of property.

4

note that a common law action for conversion, filed in state court pursuant to 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3), also is an adequate post-deprivation remedy.

Ordinarily, a District Court should not sua sponte dismiss a complaint for failure to state a claim without providing the plaintiff an opportunity to amend his complaint. As it appears that amendment would be futile, we conclude that the District Court did not err in declining to afford Cruz leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003) ("[A]ny amendment of [the] complaint would have been futile because the amended complaint could not have withstood a motion to dismiss on the basis of the statute of limitations.").

As the appeal presents no substantial issues, we will summarily affirm the judgment of the District Court.