NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3731
_____

ESTATE OF ABDUL KAMAL, by and through Michelle Kamal, as administratix ad
prosequendum for the Estate of ABDUL KAMAL,
Appellant

v.

TOWNSHIP OF IRVINGTON; CHIEF MICHAEL CHASE in his individual and official
capacity; ROBERT DOES 1–5 in their individual and official capacities; RICHARD
ROES in their individual and official capacities; JONATHAN GONZALES, in his
individual and official capacity; SIMON JOHNSON, in his individual and official
capacity; PATRICK CADET, in his individual and official capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-08008)
District Judge: Honorable Esther Salas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 31, 2019

Before: HARDIMAN, PHIPPS, and NYGAARD, *Circuit Judges*.

(Filed November 1, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge.*

The Estate of Abdul Kamal appeals two orders of the District Court dismissing its claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We will affirm for the reasons stated by the District Court in its concise opinion.

I[1]

Nearly two years after Abdul Kamal was shot and killed by Irvington Township police officers, his Estate sued Irvington and several unnamed officers under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (NJCRA) for violating Kamal's rights. About a year later, the Estate filed an amended complaint that for the first time named as defendants Chief of Police Michael Chase and Officers Jonathan Gonzales, Simon Johnson, and Patrick Cadet. Because those Defendants were named after the statute of limitations had run, however, the District Court dismissed the claims against them with prejudice. As for the Township of Irvington, the District Court held that the Estate failed to state a claim but granted leave to amend. *Id.* The Estate then filed a second amended complaint, principally asserting two claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978) and another under the NJCRA. The District Court again held the Estate's complaint failed to state a claim, this time dismissing the case against Irvington with prejudice. The Estate filed this timely appeal.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

We first address the Estate's argument that the District Court erred when it dismissed claims against the individual defendants as time-barred. As noted, the officers were first named as defendants after the statute of limitations had run, so the Estate must rely upon a relation-back doctrine for its claims to be timely. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003); Fed. R. Civ. P. 15(c).

To avoid the limitations bar, the Estate cites the "shared attorney method," which asks "whether notice of the institution of th[e] action can be imputed [to the defendants sought to be named] within the relevant [service of process] period . . . by virtue of representation [they] shared with a defendant originally named in the lawsuit." *Singletary v. Pennsylvania Dep't of Corrs.*, 266 F.3d 186, 196 (3d Cir. 2001). But as the District Court correctly noted, the Estate "offered no evidence to support [its] 'shared-attorney method' arguments, and even admits in [its] opposition brief that 'it is impossible, at this juncture, to determine if the "same attorney" method applies.'" Moreover, the only shared counsel in the case (counsel for Irvington and the individual officers but not the chief) submitted a sworn certification to the District Court stating that shared counsel did not communicate with the individual officers regarding this case until November 2, 2016—long after the service of process period under Rule 4(m) of the Federal Rules had expired. Therefore, the District Court did not err when it dismissed the Estate's claims against Chase, Gonzales, Johnson, and Cadet.

3

III

We turn now to the Estate's *Monell* claims against Irvington, which alleged an unconstitutional policy, custom, or practice and failure to train or supervise the individual officers.

The District Court held the Estate failed to allege facts to "show a causal link between execution of the policy and the injury suffered." The Estate responds that it pleaded that Irvington, through its actions and inactions, was the "direct and proximate cause" of Mr. Kamal's death. But as the District Court noted, such allegations merely restate the legal elements of a *Monell* claim, which are "not entitled to the assumption of truth" and are insufficient to take its claim "from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Besides, the Estate points to Mr. Kamal's death as its only evidence of Irvington's alleged policy, custom, or practice. This is unavailing because we have held that a policy or custom like the one alleged by the Estate "cannot ordinarily be inferred from a single instance of illegality." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 911 (3d Cir. 1984).

The Estate also asserted a failure to train or supervise claim, which is closely related to, but distinct from, policy and custom claims under *Monell*. *See Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). The Estate relied entirely on two reports, published in 1997 and 2008, averring that they identified training deficiencies in the police department. But the Estate's claim fails because it is unsupported by allegations that deficiencies existed at the time of Mr. Kamal's death, that the deficiencies amounted

4

to deliberate indifference to Mr. Kamal's constitutional rights, or that the deficiencies were closely related to the alleged constitutional violation. *Id.* at 109.

Finally, because the District Court did not err with respect to the Estate's federal claims, the same is true as to the Estate's claims under the NJCRA. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 796 n.5 (3d Cir. 2019).

\*     \*     \*

For the reasons stated, we will affirm the orders of the District Court.